JOHN VANKO, Plaintiff-Appellee, v. MICHAEL F. SHEAHAN, Sheriff of Cook County, *et al.*, Defendants-Appellants.

First District (3rd Division)    No. 1—95—1117

Opinion filed February 21, 1996.

Jack O'Malley, State's Attorney, of Chicago (Patricia M. Shymanski, John J. Murphy, and Sophia Lopez, Assistant State's Attorneys, of counsel), for appellants.

Law Offices of Joseph V. Roddy, of Chicago (Joseph V. Roddy, of counsel), for appellee.

JUSTICE GREIMAN delivered the opinion of the court:

John Vanko (plaintiff) was appointed by former Cook County Sheriff James O'Grady to the position of deputy sheriff on July 7, 1987. Current Cook County Sheriff Michael Sheahan discharged plaintiff on June 24, 1994, upon the belief that plaintiff's initial appointment was not in accordance with section 3—7008 of the Counties Code (the Act), which establishes appointment eligibility criteria. 55 ILCS 5/3—7008 (West 1992).

Upon discharge, plaintiff brought a *mandamus* action to compel the Cook County Sheriff's Merit Board (the Board or Merit Board) to afford him a hearing. Plaintiff claims Sheriff Sheahan's unilateral discharge contravened section 3—7012 of the Act, which affords a deputy sheriff the right to a hearing before the Board before being removed, demoted or suspended. (55 ILCS 5/3—7012 (West 1992).) The defendants, Michael Sheahan, Robert Goldsmith, Edward Carik, John Robinson and the Merit Board (defendants), argue that no such hearing is mandated because plaintiff was never certified or appointed in accordance with section 3—7008 and thus is not entitled to protected merit status under section 3—7012.

The trial court granted plaintiff's motion for summary judgment and, pursuant to plaintiff's complaint for a writ of *mandamus*, ordered the Board to provide him a hearing. Although we affirm, it is unclear whether the trial court required the Board to hold a disciplinary hearing to determine whether the sheriff has some cause to discharge plaintiff or whether the Board's task is merely to inquire as to the circumstances surrounding plaintiff's initial appointment. As to the first issue, where it is clear that a deputy has not been certified, no hearing is required and the sheriff may discharge the plaintiff as he might any probationary or at-will employee unprotected by the Act.

As to the second issue, we find, as a matter of law, that the proper construction of the Act requires the Board to resolve such question at a hearing held in accordance with section 3—7012.

The standard of review in summary judgment cases is to determine by *de novo* review, independent of the trial court's reasoning, whether summary judgment was appropriate. If that review reveals the existence of material issues of fact, reversal is warranted. *Zoeller v. Augustine* (1995), 271 Ill. App. 3d 370, 648 N.E.2d 939.

■ To establish the elements required for the issuance of a writ of *mandamus*, plaintiff must set forth every material fact needed to prove he is entitled to the writ and carry the burden to show that he has a clear, legal right to the writ. (*Chicago Association of Commerce & Industry v. Regional Transportation Authority* (1981), 86 Ill. 2d

179, 427 N.E.2d 153.) In this action, there is an unmistakable factual issue in need of resolution, namely, whether plaintiff was certified for appointment by the Board in 1987 and thus vested with merit status mandating a predischarge hearing. That issue, however, is for the Board to determine. We need only decide that plaintiff has a clear legal right to a hearing where the fact of certification is unclear.

Section 3—7008 provides that appointments to the position of deputy sheriff shall be made from the ranks of those applicants "who have been certified by the Board as being qualified for appointment." (55 ILCS 5/3—7008 (West 1992).) The record offers conflicting and arguably inconclusive evidence of whether plaintiff was certified by the Board. The trial court found witness depositions to be in conflict with affidavits and cited defendants' inability to identify a key signature purporting to "reject" plaintiff, and we note an absence in the record of evidence of plaintiff's educational background, enumerated in the Act as one of the criteria for certification. (55 ILCS 5/3—7008 (West 1992).) This clearly presents a factual issue which in turn begs the question, by whom is it to be resolved?

Defendants direct our attention again to section 3—7008, which includes the provision, "All appointees shall serve a probationary period of 12 months and during that period may be discharged at the will of the Sheriff." (55 ILCS 5/3—7008 (West 1992).) This, defendants suggest, authorizes the sheriff to unilaterally discharge plaintiff because, since plaintiff was never certified, he remains a "temporary" or probationary employee. This reasoning finds support in *O'Grady v. Cook County Sheriff's Merit Board* (1994), 260 Ill. App. 3d 529, 538, 632 N.E.2d 87, where the court found: "The mere fact an employee may have worked and been compensated in a supervisory position does not automatically render his appointment valid. If he was appointed and/or promoted pursuant to an examination process which was illegal for failure to comply with the Merit Act, his appointment will be considered invalid despite the fact that he was able to work and earn the salary for a position which ostensibly was merit-protected." We agree that mere length of time in service does not waive the requirement for certification. If plaintiff was never certified, the sheriff could unilaterally discharge him because of his "illegal," never certified, appointment. However, as we have noted, neither side, particularly defendants, is able to conclusively demonstrate whether or not plaintiff was ever certified.

Plaintiff, alternatively, focuses this court's attention on section 3—7012, which provides that no deputy sheriff "shall be removed, demoted or suspended except for cause, upon written charges filed with the Board by the Sheriff and a hearing before the Board thereon

upon not less than 10 days' notice." (55 ILCS 5/3—7012 (West 1992).) Plaintiff argues that this section controls the dispute and therefore the sheriff's act of unilateral discharge was improper. A sheriff's failure to comply with the procedural rules of a merit commission raises a jurisdictional issue that renders his actions void. (*Fruhling v. County of Champaign* (1981), 95 Ill. App. 3d 409, 417, 420 N.E.2d 1066.) While a cogent argument, section 3—7012 must be read in conjunction with the sections governing proper certification and appointment. If plaintiff was never certified, he falls outside the ambit of section 3—7012's procedural safeguards since the Act clearly requires the sheriff to appoint only from Board-certified candidates. Moreover, if we accepted plaintiff's analysis of section 3—7012, every discharge would require a Merit Board hearing. We reject this notion.

In answering the question posed earlier as to which body or tribunal is the appropriate fact finder where certification is uncertain, the Act implies an answer to this question. Section 3—7015 provides: "The Board shall investigate the enforcement of this Division and its rules, and the conduct and action of the appointees herein provided for. In the course of such investigation each member of the Board is empowered to administer oaths, and the Board has the power to secure by subpoena both the attendance and testimony of witnesses and the production of books and papers relevant to such investigations." 55 ILCS 5/3—7015 (West 1992).

Despite the clear language of this section, defendants argue it is inapplicable in the present action because (1) the Board has "no power to review the Sheriff's illegal acts"; and (2) "the Merit Act has no express statutory provision from which a power can be implied authorizing the Merit Board to conduct disciplinary hearings for non-merit employees hired outside the provisions of the statute." We reject defendants' arguments.

Although the language of section 3—7015 does not expressly authorize the Merit Board to void illegal certifications or appointments, this provision clearly contemplates that the terms of the Act are to be enforced by the Board and specifically requires that the Board investigate the enforcement of the Act and its rules. (*O'Grady*, 260 Ill. App. 3d at 535.) The *O'Grady* court held that "when the statutory mandates are not adhered to, the Merit Board has the authority to void certifications and corresponding appointments of individuals to merit-protected positions." *O'Grady*, 260 Ill. App. 3d at 536.

We would follow the holding of *O'Grady* and extend it, in what seems to us a logical progression, to conclude that when there is a legitimate question or dispute as to *whether* the "statutory mandates"

have been adhered to, the Board, in the exercise of its investigative powers, should make the necessary determinations through a hearing pursuant to section 3—7012.

We recognize that our holding places an initial burden upon the sheriff to decide whether the deputy has been properly certified, whether the certification is flawed or whether the deputy is a "temporary." If the sheriff concludes the deputy has been certified and is a nonprobationary employee, the Act requires him to prove the justification of dismissal by a preponderance of the evidence. (55 ILCS 5/3—7012 (West 1992).) If there is a question as to the validity or propriety of certification, the sheriff must go to the Merit Board to allow it to determine the *bona fides* of certification, the sheriff having the burden to show that the deputy has not been certified. If neither of these conditions is present, the sheriff may discharge the deputy without a hearing. However, in that event, if the deputy can show evidence of certification, the deputy may petition the Merit Board for review of the evidence of his certification and, as to these proceedings, the deputy has the burden to prove proper certification.

As we have noted above, in the case at bar, the sheriff has some evidence of certification and should go to the Board to obtain a decision as to plaintiff's certification.

For the reasons set forth above, we affirm the decision of the trial court granting plaintiff's motions for summary judgment and writ of *mandamus* and direct the Merit Board to determine the validity of plaintiff's certification.

Affirmed.

RIZZI, P.J., and CERDA, J., concur.