COOK COUNTY SHERIFF MICHAEL SHEAHAN, Petitioner-Appellant, v. ALBERT BIANCHI *et al.*, Respondents-Appellees.

First District (6th Division)   No. 1—97—0141

Opinion filed April 24, 1998.

Richard A. Devine, State's Attorney, of Chicago (Patricia M. Shymanski,

John J. Murphy, and Letitia Dominici, Assistant State's Attorneys, of counsel), for appellant.

Laner, Muchin, Dombrow, Becker, Levin & Tominberg, Ltd., of Chicago (Joseph M. Gagliardo and Clifford R. Perry III, of counsel), for appellees.

JUSTICE ZWICK delivered the opinion of the court:

On August 24, 1994, the Cook County sheriff, Michael Sheahan, filed a complaint alleging that respondent, Albert Bianchi, had fraudulently obtained his Cook County Sheriff's Merit Board (the Merit Board or Board) certification to work as a correctional officer. Specifically, the sheriff alleged that when Bianchi sat for a certification examination on May 9, 1987, he answered only 56 questions correctly. A passing score was established to be a minimum of 57 correct answers. Although Bianchi answered less than the minimum number of questions correctly, the sheriff alleged that Merit Board employees had assigned passing grades "to certain applicants" regardless of the applicant's actual performance on the exam. The clear implication was that Bianchi was one of these "certain applicants," although the charges did not further specify the nature of fraud committed on Bianchi's behalf.

The Board conducted a hearing concerning the sheriff's allegations. During that hearing Bianchi testified that he did not cheat on the examination. He admitted that the Board's recent review of his examination established he had answered only 56 questions correctly, but he asserted that the only explanation for why he had passed the examination was because the test had been mistakenly graded when it was first processed in 1987. The Board offered nothing to rebut Bianchi's explanation.

In rendering its decision on the matter, the Board rejected the sheriff's contention that fraud had played a role in Bianchi's appointment, finding that the sheriff had failed to prove "by clear and convincing evidence" that Bianchi had committed fraud in obtaining his certification. The Board made the specific finding that Bianchi did not violate either the rules of the Cook County sheriff's department or of the Merit Board in taking his examination, essentially adopting Bianchi's suggestion that his certification had been the result of an honest mistake.

■ The decision of the Merit Board was affirmed on administrative review in the circuit court, even though the court observed that the Merit Board had applied an improper burden of proof. As the circuit court pointed out in its written order, the sheriff need only establish his allegations against an employee by a preponderance of the

evidence to warrant discipline, not prove his case by clear and convincing evidence. 55 ILCS 5/3—7012 (West 1996). Nonetheless, the circuit court determined that there was no evidence to support a charge of fraud against Bianchi. The court then determined that, in the absence of any evidence of wrongdoing, Bianchi could not be terminated under the terms of the Counties Code (the Act) (55 ILCS 5/3—7001 *et seq.* (West 1996)) and that a rehearing was unnecessary. Accordingly, the court declined to remand the case.

The sheriff appeals from the circuit court's order, raising two specific issues for our review. First, the sheriff asserts that by establishing Bianchi failed to properly answer 57 questions on his written examination in 1987, the Board must uphold Bianchi's termination as a matter of law because Bianchi's appointment was void *ab initio*. Second, and in the alternative, the sheriff asserts that the Board's failure to evaluate the case under the proper "preponderance of the evidence" standard requires that it be reversed and remanded for further consideration. For the following reasons, we reject the sheriff's arguments.

■ For support of its first argument, the sheriff relies principally upon two appellate opinions, *O'Grady v. Cook County Sheriff's Merit Board*, 260 Ill. App. 3d 529, 632 N.E.2d 87 (1994), and *Vanko v. Sheahan*, 278 Ill. App. 3d 302, 662 N.E.2d 512 (1996). In *O'Grady*, this court determined that the Merit Board had the authority under the Act to uphold the voiding of the merit certification of certain individuals hired by a former sheriff "where that action was reasonably necessary [by the Board] to execute the duty to investigate and enforce the terms of the Act." *O'Grady*, 260 Ill. App. 3d at 535. The Board's investigation revealed that the entire examination process implemented by the former sheriff had violated the statute and was unlawful because only those individuals who had been hand-picked by the sheriff had been permitted to take the certification examination, a procedure done in direct contravention of the purposes of the Act. *O'Grady*, 260 Ill. App. 3d at 537. Under such facts, the court held, the Board had the authority to void the certifications of all those who had been certified pursuant to the sham examination.

In *Vanko*, the court addressed the question of whether the Merit Board was required to hold a hearing in all cases in which an employee was discovered not to have been properly certified. The sheriff took the position that when an employee was clearly shown not to have been properly certified, that employee could be fired at will, without a hearing. *Vanko*, 278 Ill. App. 3d at 303. The court agreed that the sheriff alone could make the factual determination that an employee had never been certified in the face of uncontroverted evi-

dence, but held when the evidence of certification is unclear the question becomes an issue for the Merit Board to determine following a hearing. Because the evidence against Vanko was conflicting as to whether he had ever been certified, the court ordered the cause remanded.

■ In the instant case we reject the sheriff's contention that simply because Bianchi answered less than 57 questions correctly on his 1987 certification examination his appointment must be considered void *ab initio*. The sheriff's argument fails to appreciate the distinction that generally exists between arbitrary and capricious acts of a state agency or official, which are treated as being void (see *O'Grady*, 260 Ill. App. 3d at 537), and those that are merely voidable because they are made pursuant to a mistake of fact. In the former case, where the sheriff can establish that a prior appointment was made arbitrarily or capriciously, the employee is treated as having never been certified and so may be discharged by the sheriff at will. See *Vanko*, 278 Ill. App. 3d at 303. In the latter case, where an honest mistake has allowed an otherwise unqualified employee to obtain his certification, that employee is treated as certified, even though later developments establish that the certification was not made in strict conformity with the terms of the Act. It is for this reason that the court in *Vanko* discusses "the *bona fides* of certification." *Vanko*, 278 Ill. App. 3d at 306. See also *In re Estates of Rice*, 77 Ill. App. 3d 641, 654, 396 N.E.2d 298 (1979) (executor's appointment not void but merely voidable, as "[i]t is not the responsibility of someone appointed to this type of office to independently ascertain the merits of the removal of his predecessor or to question the statutory basis of his own appointment").

■ In this case, while it is true that the Merit Board incorrectly certified Bianchi as being qualified to work as a correctional officer in 1987, that fact alone does not require that his appointment be rescinded upon discovery of the error. If the certification is, in the language of the *Vanko* decision, "*bona fide*," then logic dictates that the appointment may be set aside only in such a way as is consistent with the provisions of the Act, including the merit-protection provisions of section 3—7012. 55 ILCS 5/3—7012 (West 1996). This section provides that a certified employee may not be discharged or suspended except "for cause." Here, the Board implicitly determined that failing to answer a minimum of 57 questions correctly on his 1987 examination did not constitute sufficient "cause" to warrant the sheriff's decision to discharge Bianchi. This decision is consistent with the evidence presented at the hearing, which demonstrated Bianchi had established a significant and unblemished record of service to the sheriff's office since he had been hired, some six years earlier.

■ The sheriff also argues that the Board's application of a "clear and convincing" burden of proof prejudiced his case against Bianchi. The sheriff urges that the matter should at least be remanded with instructions to the Board to consider his evidence against Bianchi under the proper standard. As the circuit court correctly observed, however, the facts of the case are no longer disputed. Although the sheriff did establish that Bianchi failed to answer 57 or more questions correctly on his 1987 examination and should not have been certified at that time, there was no evidence to establish bad faith in Bianchi's certification. Because the sheriff offered no evidence to establish cause to discharge Bianchi, the standard applied by the Board in considering the sheriff's claims of fraud against Bianchi is immaterial and remand is unnecessary.

For the foregoing reasons, the decision of the Cook County Sheriff's Merit Board is affirmed.

Affirmed.

CAMPBELL, P.J., and GREIMAN, J., concur.