SIXTH DIVISION

                                               December 28, 1998

Nos. 1-96-0465 & 1-97-2612

THE COUNTY OF COOK and 

SHERIFF OF COOK COUNTY,

Petitioners-Appellants,

v.

ILLINOIS LOCAL LABOR RELATIONS BOARD 

and TEAMSTERS, LOCAL UNION NO. 714,

Respondents-Appellees.

________________________________________

LONNIE L. YANCY,

Plaintiff-Appellee,

v.

THE COOK COUNTY SHERIFF'S MERIT BOARD and its members, JAMES P. NALLY, PAULA M. DALEO, ARTHUR WADDY, TERRENCE HAKE, MICHAEL CAREY, and MICHAEL P. SHEAHAN, Sheriff of Cook County,

Defendants-Appellants.

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

Appeal from the Illinois Local Labor Relations Board

Nos. L CA 95 017

     L CA 95 018

Appeal from the Circuit Court of Cook County

No. 94 CH 8235

Honorable 

Ronald C. Riley,

Judge Presiding.

JUSTICE QUINN delivered the opinion of the court:

This case is brought on appeal from an order of the Illinois Local Labor Relations Board (Labor Board) finding that petitioners, the County of Cook and the sheriff of Cook County, breached their duty to bargain in good faith in violation of sections 10(a)(1) and 

10(a)(4) of the Illinois Local Labor Relations Act (Labor Act) (5 ILCS 315/10 (West 1996)) by filing complaints before the Cook County Sheriff's Merit Board seeking to decertify 31 deputy sheriffs and correctional officers employed in the Cook County sheriff's office.  

On appeal, petitioners contend that: (1) they did not violate sections 10(a)(1) and 10(a)(4) of the Labor Act by refusing to bargain with Local Teamsters Union No. 714; (2) they did not breach their duty to bargain in violation of sections 10(a)(1) and 10(a)(4) of the Labor Act by refusing to relinquish confidential information; (3) the Cook County Sheriff's Merit Board's decision to discharge Lonnie Yancy was not unreasonable, arbitrary or unrelated to the requirements of service; (4) the Labor Board acted beyond the scope of its authority in ordering costs and attorney fees against petitioners; and (5) they did not engage in frivolous litigation and therefore should not be sanctioned under section 11(c) of the Labor Act (5 ILCS 315/11(c) (West 1996)). 

For the following reasons, we reverse.

The pertinent facts are as follows.  In 1992, the Federal Bureau of Investigation (FBI) and the United States Department of Justice conducted an extensive investigation into alleged fraud and corruption in the Cook County sheriff's office (Sheriff's Office) during the tenure of the former Cook County sheriff.  The investigation revealed widespread corruption in the hiring process and led to the federal indictment of 11 employees of the Sheriff's Office and the Cook County Sheriff's Merit Board (Merit Board).  The 11 employees pleaded guilty to falsifying the test scores of various applicants on the certification examination for appointment to the positions of correctional officer and deputy sheriff.  Following the indictment and guilty pleas of the 11 employees, the current sheriff of Cook County conducted an investigation and review to determine which employees, if any, held jobs as a result of these corrupt practices.  The sheriff's investigation revealed that numerous employees apparently received their positions as a result of these practices, which fall into two categories: (1) certification of employees through altered test scores, in which employees were assigned a passing score on their certification examination despite their failure to achieve a passing score; and (2) certification of employees despite their failure to meet the minimum educational requirements for the positions as set forth in the Merit Board rules and regulations.  

Following the investigation, petitioners began the process of discharging numerous employees who apparently had received their positions through corrupt practices and filed complaints with the Merit Board seeking to discharge 30 correctional officers and deputy sheriffs who the Sheriff's Office alleged were illegally certified.  The complaints alleged that 30 certified employees had correctly answered less than the minimum number of questions required to achieve a passing score on the test and that these certifications were, therefore, void 
ab
 
initio
.

In September 1994 the Teamsters Local Union No. 714 (Local 714), the bargaining representative for deputy sheriffs and correctional officers, demanded that petitioners bargain with them regarding the decision to decertify employees who allegedly  obtained their positions fraudulently.  Local 714 also demanded that petitioners provide it with a list of all employees whom they intended to discharge.  Petitioners refused both requests based on their position that the matter of decertification was exclusively within the authority of the Merit Board and that the requested information was confidential.  Local 714 then filed an unfair labor practice charge with the Labor Board alleging that petitioners refused to bargain and provide information in violation of sections 10(a)(1) and 10(a)(4) of the Labor Act.  

On administrative review, the administrative law judge found that petitioners violated sections 10(a)(1) and 10(a)(4) of the Labor Act by refusing to bargain with Local 714 before proceeding to revoke the certifications and appointments of the 31 employees and discharging them.  The administrative law judge further found that petitioners violated these sections of the Labor Act by refusing to allow  Local 714 access to the information it requested that was relevant and necessary for the performance of the union's duties.  The employees were awarded costs and attorney fees for the cost of defending the action and sanctions were imposed against  petitioners for engaging in frivolous litigation.  

   Petitioners filed exceptions to the administrative law judge's recommended decision with the Labor Board.  Upon review, the Labor Board adopted the decision in its entirety.  Petitioners appeal the Labor Board's decision.

Initially, it should be pointed out that, contrary to the findings of the administrative law judge and the Labor Board, 30 of the sheriff's employees before this court have not had a hearing before the Merit Board and have not been discharged.  Plaintiff, Lonnie Yancy (Yancy), 1 of the 31 individuals named in the petitioners' complaint, was discharged by the Merit Board after a full hearing.  At the hearing, it was established that Yancy's Merit Board application and personal history questionnaire stated that he did not graduate from high school or possess a general equivalency diploma (GED).  However, Yancy's personnel file contained a GED certificate dated January 12, 1990.  The parties stipulated that according to the director of the GED program, there was no record of either Yancy or his certificate.  Yancy also admitted at the hearing that he did not graduate from high school or possess a GED at the time he submitted an application for employment with the Merit Board.  

Subsequently, the Merit Board found that Yancy's application for employment and certification were void 
ab
 
initio
 because he failed to meet the minimum qualifications for eligibility as prescribed by the Merit Board's rules and regulations.  Specifically, Yancy lacked a high school diploma or certification of equivalent formal education at the time he applied for the position of correctional officer.  Subsequently, Yancy sought administrative review of the Merit Board decision before the circuit court.  The circuit court reversed the sanction of discharge and remanded the case to the Merit Board with directions to impose a penalty less than discharge.  In accordance with the circuit court's order, the Merit Board imposed a sanction of suspension for 180 days, with time considered served.  This sanction effectively reinstated Yancy to his position as a correctional officer.  The circuit court issued an order affirming the Merit Board's imposition of suspension, from which petitioners appeal.   

Petitioners first contend that the Labor Board's finding that they failed to comply with sections 10(a)(1) and 10(a)(4) of the Labor Act was against the manifest weight of the evidence.  A decision of an administrative agency is said to be contrary to the manifest weight of the evidence only when, after reviewing the evidence in a light most favorable to the administrative agency, the court determines that no rational trier of fact could have agreed with the agency's decision.  
Chief Judge of the Circuit Court v. American Federation of State, County & Municipal Employees, Council 31
, 153 Ill. 2d 508, 514, 607 N.E.2d 182 (1992).  The agency's findings of fact are presumed to be 
prima
 
facie
 true and correct.  
American Federation of State, County & Municipal Employees Council 31
, 153 Ill. 2d at 514.  A reviewing court is not bound by administrative decisions interpreting the legal effect of statutory language but will accord substantial deference to the interpretation of a statute by the agency charged with its administration.  
Strube v. Pollution Control Board
, 242 Ill. App. 3d 822, 826, 610 N.E.2d 717 (1993).  Although deference is shown, a court of review cannot allow an erroneous conclusion of law to stand.  
Bethania Ass'n v. Jackson
, 262 Ill. App. 3d 773, 776, 635 N.E.2d 671 (1994). 

Petitioners argue that they did not violate sections 10(a)(1) and 10(a)(4) of the Labor Act by refusing to bargain with Local 714 because the Merit Board has the sole authority to void illegal certifications and appointments and, therefore, decertification is not a mandatory subject of bargaining.  Respondents maintain that, pursuant to sections 10(a)(1) and 10(a)(4) of the Labor Act, the decertification of employees affects the terms and conditions of employment, which is a mandatory subject of collective bargaining.   Administrative agencies such as the Merit Board exercise purely statutory powers and possess no inherent or common law powers.  
O'Grady v. Cook County Sheriff's Merit Board
, 260 Ill. App. 3d 529, 534, 632 N.E. 2d 87 (1994).  Any power claimed by the administrative agency must find its source within the provisions of the statute by which the agency was created.  
O'Grady
, 260 Ill. App. 3d at 534.  An express grant of power to an administrative body or officer includes the authority to do all that is reasonably necessary to execute that power or to perform the duty specifically conferred.  
O'Grady
, 260 Ill. App. 3d at 534.

Section 10 of the Labor Act states in pertinent part:

"(a) [i]t shall be an unfair labor practice for 

an employer or its agents:

(1) to interfere with, restrain or coerce

public employees in the exercise of the rights guaranteed in this Act or to dominate or interfere with the formation, existence or administration of any labor organization or contribute financial or other support to it; provided, an employer shall not be prohibited from permitting employees to confer with him during working hours without loss of time or pay;

* * *

       (4) to refuse to bargain collectively in good

faith with a labor organization which is the exclusive 

representative of public employees in an appropriate 

unit, including but not limited to, the discussing 

of grievances with the exclusive representative."  

5 ILCS 315/10 (West 1996).

Pursuant to section 7 of the Labor Act, the duty to bargain collectively is defined in pertinent part as:

"the performance of the mutual obligation of

the public employer *** and the representative of the public employees to meet at reasonable times *** and to negotiate in good faith with respect to wages, hours and other conditions of employment, not excluded by Section 4 of this Act ***.

   The duty 'to bargain collectively' shall also

include an obligation to negotiate over any matter with respect to wages, hours and other conditions of employment, not specifically provided for in any other law or not specifically in violation of the provisions of any law."  5 ILCS 315/7 (West 1996).

However, under section 4 of the Labor Act, an employer is not required to bargain collectively over:

 "matters of inherent managerial policy, which

shall include such areas of discretion or policy as *** selection of new employees, examination techniques and direction of employees.  Employers however, shall be required to bargain collectively with regard to policy matters directly affecting wages, hours and terms and conditions of employment ***."  5 ILCS 315/4 (West 1996).

Section 3-7001 
et
 
seq
. of the Counties Code (Code) enumerates the powers of the Merit Board.  55 ILCS 5/3-7001 
et
 
seq
. (West 1996).  Section 3-7008 provides:

"The appointment of deputy sheriffs in the 

Police Department, full-time deputy sheriffs not employed as county police officers or county corrections officers and of employees in the Department of Corrections shall be made from those applicants who have been certified by the Board as being qualified for appointment.  *** In addition, all persons so appointed shall *** possess such prerequisites of training, education and experience as the Board may from time to time prescribe, and shall be required to pass successfully mental, physical, psychiatric and other tests and examinations as may be prescribed by the Board."  55 ILCS 5/3-7008 (West 1996).

 

Section 3-7015 of the Counties Code provides that the "Board shall investigate the enforcement of this Division and its rules, and the conduct and action of the appointees herein provided for." 55 ILCS 5/3-7015 (West 1996).  This section contemplates that the terms of the Code are to be enforced by the Board and specifically requires that the Board investigate the enforcement of the Code and its rules.  Although section 3-7015 does not expressly authorize the Merit Board to void illegal certifications, our holding in 
O'Grady
 made it clear that "when the statutory mandates are not adhered to, the Merit Board has the authority to void certifications and corresponding appointments to merit-protected positions."  
O'Grady
, 260 Ill. App. 3d at 536.  To say that the Merit Board has the power and duty to investigate and enforce the Counties Code, but has no authority to void certifications that are in direct contravention of the statute, "would be a distinct contradiction in terms" (
Meana v. Morrison
, 28 Ill. App. 3d 849, 855, 329 N.E.2d 535 (1975) quoting 
People ex rel. Heineck v. Holding
, 207 Ill. App. 38, 41 (1917)) and frustrate the intent and purpose of the Counties Code.    This court recently followed 
O'Grady
 in 
Cook County Sheriff Sheahan v. Bianchi
, 296 Ill. App. 3d 310, 695 N.E.2d 73 (1998).  Bianchi was hired by the Cook County sheriff's department after taking a certification examination on May 9, 1987.  Bianchi had answered 56 questions correctly and a passing score was established to be a minimum of 57 correct answers.  As in the present case, the sheriff filed a complaint before the Merit Board to decertify Bianchi and terminate his employment.  A hearing was held by the Merit Board and it declined to decertify Bianchi.  The decision of the Merit Board was affirmed on administrative review in the circuit court.  This court affirmed, relying on 
O'Grady
 in holding that the Merit Board had the authority under the Counties Code (55 ILCS 5/3-7001 
et
 
seq
. (West 1996)) to determine the validity of the merit certification of sheriff's employees and to void the certification "'where that action was reasonably necessary [by the Board] to execute the duty to investigate and enforce the terms of the [Code].'"  
Bianchi
, 296 Ill. App. 3d at 312, 695 N.E.2d at 75, quoting 
O'Grady
, 260 Ill. App. 3d at 535.  In our view, the Merit Board's authority to void illegal certifications and appointments is reasonably necessary to execute the investigatory and enforcement provisions of the Counties Code.  Consequently, the Labor Board improperly found that the Merit Board lacks authority to void illegal certifications and appointments.  

Petitioners further argue that they did not violate sections 10(a)(1) and 10(a)(4) of the Labor Act by seeking to decertify employees because the prehire certification standards were in place when the employees applied for the positions and, therefore, decertification is not a mandatory subject of bargaining.  Respondents maintain that the decertification of incumbent employees, even based on existing requirements, is a mandatory subject of bargaining.  

Respondents rely on 
County of Cook (Cermak Health Services)
, 3 Pub. Employee Rep. (Ill.) par. 3030, Nos. L-CA-87-200, L-CA-87-

205 (ILLRB September 21, 1987) (hereinafter 3 Pub. Employee Rep. par. 30), to support their claim that the decertification of incumbent employees is a mandatory subject of bargaining.  In 
Cermak Health Services
,  Cook County classified and promulgated new paramedic licensing standards for certain positions.  The county announced that incumbent employees would have to requalify for their positions under the new requirements.  3 Pub. Employee Rep. (Ill.) par.  3030, at 1X-157.  The employees' bargaining agent requested that the employer bargain over the application of the new standards to incumbent employees.  The employer refused to bargain, contending that it had no duty to do so because the promulgation of job requirements involved issues of inherent managerial authority.  The union then filed a grievance with the Labor Board contending that the employer committed an unfair labor practice by refusing to bargain over the imposition of new job prerequisites prior to adopting them.  The Labor Board concluded that the county's application of newly promulgated civil service rules to its incumbent employees, without first affording the union notice and an opportunity to bargain, was a violation of the county's obligation to bargain under the Labor Act.  3 Pub. Employee Rep. (Ill.) par. 3030, at 1X-16D through Mar 161.  

Similarly, in 
Forest Preserve District v. Illinois Labor Relations Board
, 190 Ill. App. 3d 283, 546 N.E.2d 675 (1989), 
appeal denied
, 129 Ill. 2d 563, 550 N.E.2d 556 (1990), the Forest Preserve District sought to impose new civil service examination requirements on incumbent police officers and those hired as temporary appointments to the position of police officer.  
Forest Preserve
, 190 Ill. App. 3d at 285.  Upon taking the examination, 17 of the temporary officers were found ineligible because they did not receive a score of at least 70% on the exam.  The other 23 temporary officers ranked from 6 to 252 out of the 258 eligible applicants.  Based on these examination results, the Forest Preserve District informed the 17 temporary officers who failed the exam that they had to find other employment and informed the 23 eligible temporary officers that they would receive a position on the police force when their rank on the register was reached.  
Forest Preserve
, 190 Ill. App. 3d at 285.  The Fraternal Order of Police, exclusive bargaining representative of the employees, filed an unfair labor practice charge with the Labor Board, alleging that the Forest Preserve District unilaterally implemented new examinations without first bargaining in good faith.  The Labor Board found that the examination was a mandatory subject of bargaining.  On appeal, this court held that the Labor Board did not abuse its discretion in determining that the administration of the new examination was a matter involving  wages, hours and conditions of employment under section 7 the Labor Act and therefore was a mandatory subject of bargaining.  
Forest Preserve
, 190 Ill. App. 3d at 290. 

Finally, in 
American Federation of State, County & Municipal Employees, Council 31 v. County of Cook
, 145 Ill. 2d 475, 584 N.E. 2d 116 (1991), the county sought to impose a new civil service examination on three incumbent employees who had temporary appointments.  The county contended that it had no duty to bargain over matters that fell within the scope of the civil service provisions.  
AFSCME
, 145 Ill. 2d at 478.  The Labor Board found that refusing to bargain over the effects of the examination on the three incumbent employees violated the Labor Act.  
AFSCME
, 145 Ill. 2d at 478-79.  Although this court reversed the Board's decision, the Illinois Supreme Court reversed this court's decision, finding that the examination requirement was subject to the duty to bargain.  
AFSCME
, 145 Ill. 2d at 490-91.

We find these cases distinguishable from the case at bar.  In each of the three cases discussed above, new standards or testing procedures were imposed on incumbent employees.  Here, petitioners did not seek to apply new terms and conditions of employment on incumbent employees.  Rather, petitioners sought to enforce hiring prerequisites that were already in place prior to the hiring of the employees.  Thus, unlike the cases discussed above, petitioners did not change the terms and conditions of employment for incumbent employees.  

An instructive case is 
Vanko v. Sheahan
, 278 Ill. App. 3d 302, 662 N.E.2d 512 (1996).  In 
Vanko
, the plaintiff, John Vanko, was appointed to the position of deputy sheriff but was discharged because his initial appointment was not in accordance with section 3-7008 of the Counties Code.  
Vanko
, 278 Ill. App. 3d at 302.  Vanko brought a 
mandamus
 action to compel the, Merit Board to provide him with a hearing pursuant to section 3-7012 of the Counties Code which entitles a deputy sheriff the right to a hearing before the Labor Board prior to removal, suspension or demotion.  The defendants argued that Vanko was not entitled to a hearing because he was never certified in accordance with section 3-7008 of the Counties Code.  
Vanko
, 278 Ill. App. 3d at 302.  This court agreed that the sheriff alone could make the factual determination that an employee had never been certified in the face of uncontroverted evidence, but held when the evidence of certification is unclear, the question becomes an issue for the Merit Board to determine following a hearing.  
Vanko
, 278 Ill. App. 3d at 306.

In the instant case, petitioners have complied fully with the requirements of 
Vanko
.  The Sheriff's Office filed complaints before the Merit Board seeking to decertify 31 of its employees.  The Labor Board held that these actions on the part of the sheriff violated sections 10(a)(1) and 10(a)(4) of the Labor Act because the sheriff refused to bargain with the union over the filing of these complaints.  The question to be determined by the Merit Board is whether the employees were properly certified.  The fact that some (or all) of the employees in question have worked in the Sheriff's Office for years does not waive the requirement for certification.  
Vanko
, 278 Ill. App. 3d at 305; 
O'Grady
, 260 Ill. App. 3d at 538.  Further, "[i]f plaintiff was never certified, he falls outside the ambit of section 3-7012's [of the Counties Code] procedural safeguards since the Act clearly requires the sheriff to appoint only from Board-certified candidates."  
Vanko
, 278 Ill. App. 3d at 305.  

Based on the reasoning of 
O'Grady
 and 
Vanko
, it makes no sense to provide the protections of section 7 of the Labor Act to persons who were never certified.  If the Merit Board determines that any of the 30 persons before us were never certified, they were never properly "employees" at all.  To require the sheriff to bargain with the union over the decertification of these employees is in conflict with the holdings of this court in 
O'Grady
, 
Vanko
 and 
Bianchi
.  Those holdings require the sheriff to bring complaints for decertification before the Merit Board.  We hold that the decision whether to file a complaint before the Merit Board seeking to decertify an employee of the Sheriff's Office need not be bargained over.    

Petitioners next contend that the Merit Board's decision to discharge Yancy was not unreasonable, arbitrary or unrelated to the requirements of service.  Petitioners specifically argue that, because Yancy did not meet the minimum certification requirements for appointment, discharge was the only reasonable sanction available to the Merit Board.

A reviewing court's scope of review of an agency's decision to discharge a public employee is a two-step process.  First, the court must determine if the agency's findings of fact are contrary to the manifest weight of the evidence.  
Ross v. Civil Service Comm'n
, 250 Ill. App. 3d 597, 600, 621 N.E.2d 159  (1993).  Second, the reviewing court must determine if the findings of fact provide a sufficient basis for the agency's determination that cause for discharge exists.  
Ross
, 250 Ill. App. 3d at 600.  An administrative agency's finding of "cause" for discharge is entitled to deference and should not be overturned unless it is arbitrary, unreasonable, or unrelated to the requirements of service.  
Launius v. Board of Fire & Police Commissioners
, 151 Ill. 2d 419, 435, 603 N.E.2d 477, 484 (1992); 
Ross
, 250 Ill. App. 3d at 600.  It is well settled that an administrative agency's finding of cause for discharge commands respect and substantial deference and will stand even if the reviewing court considers another sanction to be more appropriate.  
Walsh v. Board of Fire & Police Commissioners
, 96 Ill. 2d 101, 105, 449 N.E.2d 115 (1983).  

Cause has been defined as "'some substantial shortcoming which renders [the employee's] continuance in office or employment in some way detrimental to the discipline and efficiency of the service and something which the law and a sound public opinion recognize as good cause for his [discharge].'"  
Walsh
, 96 Ill. 2d at 105, quoting 
Fantozzi v. Board of Fire & Police Commissioners
, 27 Ill. 2d 357, 360, 189 N.E.2d 275 (1963).    

In the instant case, the Merit Board's imposition of discharge as a sanction was neither arbitrary nor unreasonable.  There is no dispute that Yancy failed to possess the minimum educational requirements necessary for certification.  The record reveals that Yancy admitted that he did not have a high school diploma or general equivalency certificate at the time he applied for the position of correctional officer.  As an illegal certification may be rendered void by the Merit Board, Yancy's lack of the minimum educational requirements necessary for certification constituted cause for discharge.  We hold that the circuit court erred in substituting its judgment for that of the Merit Board.  

In light of our holding that the decision whether to file a complaint before the Merit Board seeking to decertify an employee of the Sheriff's Office need not be bargained over, we also reverse the Labor Board's holding that the Sheriff's Office violated the Labor Act by refusing to relinquish confidential information.  An employer need not supply information that relates to a non-

bargainable subject.  
Village of Franklin Park v. Illinois State  Labor Relations Board
, 265 Ill. App. 3d 997, 1004 (1994).  We also reverse the Labor Board's order awarding costs and attorney fees against petitioners and vacate the sanctions imposed by the Labor Board.

Accordingly, the judgment of the circuit court of Cook County is reversed and remanded for proceedings consistent with this opinion.  We also reverse the holdings of the Illinois Local Labor Relations Board.

Reversed and remanded.

ZWICK, J., concurs. 

THEIS, J., specially concurring in part and dissenting in part.

JUSTICE THEIS, specially concurring in part and dissenting in 

part:

This is a consolidated appeal from two cases brought by the Sheriff of Cook County and the County of Cook.  In one case, we are asked to directly review the Labor Board's finding that the County of Cook and the Sheriff violated the Labor Act.  Here, I concur with the majority's conclusion that the Labor Board incorrectly found a violation of the Labor Act.  However, I disagree with the majority's rationale for two reasons.

First, I do not agree that certification is considered void 
ab initio
 because certain minimum hiring requirements are not met.  We have drawn a distinction between the acts of a state agency which are void and those which are voidable.  
Cook Co. Sheriff Sheahan v. Bianchi
, 296 Ill. App. 3d 310, 695 N.E.2d 73 (1998).  If an employee was certified as a result of an arbitrary or capricious hiring system, the employee is treated as never having been certified.  In that case, the certification is considered void 
ab initio
 pursuant to 
O'Grady v. Cook County Sheriff's Merit Board
, 260 Ill. App. 3d 529, 536, 632 N.E.2d 87, 92 (1994).  On the other hand, if an otherwise unqualified employee was certified as a result of a mistake of fact, the employee is treated as certified.  In this situation, the certification is considered voidable.  Where certification is voidable, an employee only may be decertified "for cause."  
Bianchi
, 296 Ill. App. 3d at 313, 695 N.E.2d at 75.

 However, in the cases before us (except for Yancy) there has not yet been an inquiry to determine whether the Merit Board acted within its statutory authority by certifying these employees.  The Sheriff alleged before the Merit Board two theories for decertification.  As the majority notes, the complaints addressed the test scores of the certified employees.  Additionally, the Sheriff alleged that, because an employee or employees of the Board fraudulently assigned passing scores, the Merit Board abdicated its authority in violation of the Merit Act.  Until the Merit Board's actions are examined, it is impossible to say the certifications here are void 
ab initio
.

My second concern with the majority opinion is that it does not sufficiently address what I see to be the central issue in this case--who is to decide whether these certifications were void or voidable.  Notably, the issue of collective bargaining was not raised in the prior decertification cases upon which the majority relies.  
Bianchi
, 296 Ill. App. 3d 310, 695 N.E.2d 73; 
Vanko v. Sheahan
, 278 Ill. App. 3d 302, 662 N.E.2d 512 (1996); 
O'Grady
, 260 Ill. App. 3d 529, 632 N.E.2d 87.

We are asked to decide whether the Labor Board correctly found that the County of Cook and the Sheriff of Cook County breached their duty to bargain.  To answer that question we must first determine whether the inquiry into how the Merit Board "certified" the employees in this case is a subject of mandatory collective bargaining.  The supreme court established a three-part test to determine which matters must be bargained in 
Central City Education Ass'n v. Illinois Educational Labor Relations Board
, 149 Ill. 2d 496, 599 N.E.2d 892 (1992). 

The first part of the test requires a determination of whether the matter is one of wages, hours and terms and conditions of employment.  
Central City
, 149 Ill. 2d at 523, 599 N.E.2d at 905.  If the answer to this question is no, the employer is under no duty to bargain and the other two parts of the test do not need to be employed.  I believe the issue as to how the original Merit Board proceeded in certifying employees is not a bargainable issue.  Whether there was an abuse of authority such that the Merit Board acted arbitrarily or fraudulently is not a determination that affects the terms and conditions of employment.  

This issue is not a labor dispute regarding the conditions surrounding employment.  Rather, the issue is whether the prerequisites to certification were compromised in bad faith by the former Merit Board.  The purpose of the certification process is to further recognized merit principles of public employment.  
O'Grady
, 260 Ill. App. 3d at 536-37, 632 N.E.2d at 93.  These principles are designed to eliminate patronage, ensure that the best qualified people get the job, and foster open access to the process.  
O'Grady
, 260 Ill. App. 3d at 537, 632 N.E.2d at 93.  If the prerequisites are compromised, these principles are not fulfilled.  Because the Merit Board has the authority to promulgate and enforce the prerequisites, as the majority opinion discussed, it has the expertise to determine whether the principles were violated.  This determination is necessary to protect the integrity of the system and, therefore, cannot be the subject of bargaining.  

Additionally, the void/voidable distinction protects both the certification process and the employees from being decertified unfairly.  If the certification process was conducted arbitrarily or fraudulently, the void 
ab initio
 standard from 
O'Grady
 applies and the "employees" were never employees covered by the collective bargaining agreement.  If arbitrary or fraudulent conduct cannot be shown, the voidable standard of 
Bianchi
 applies and the employees only may be dismissed for cause.  Based on the only evidence before the Merit Board that the employees did not satisfy the minimum test score, 
Bianchi
 indicates that the employees' certifications are voidable and they may not be decertified except "for cause."

The other case in this consolidated appeal requires us to review the circuit court's order reversing the penalty of discharge imposed by the Merit Board against Lonnie Yancy.  I disagree with the majority opinion's conclusion that the court erred by reversing the penalty and substituting its judgment for the Merit Board's.

Based on 
Bianchi
 and my previous discussion, Yancy only may be discharged "for cause."  As there were no findings to warrant termination "for cause," the circuit court was correct in determining that a penalty less than discharge was required.  Therefore, I would affirm the decision of the circuit court.

For the foregoing reasons, I concur in judgment as to the case against the Labor Board (1-96-0465), but dissent in the case involving Lonnie Yancy (1-97-2612).