PHILOMENA M. GLYNN, Plaintiff-Appellee, v. THE RETIREMENT BOARD OF THE POLICEMEN'S ANNUITY AND BENEFIT FUND OF THE CITY OF CHICAGO, Defendant-Appellant.

First District (2nd Division)   No. 1—93—2337

Opinion filed May 17, 1994.

David R. Kugler, of Chicago, for appellant.

Marshall E. Lesueur, of Deerfield, for appellee.

PRESIDING JUSTICE DiVITO delivered the opinion of the court:
Plaintiff Philomena Glynn brought this action in the circuit court for administrative review of the decision by the Retirement Board of the Policemen's Annuity and Benefit Fund of the City of Chicago (Retirement Board), rejecting her petition for additional compensation annuity benefits. The circuit court found that the Retirement Board erroneously refused to consider evidence regarding the correct birth date of her deceased husband. The court then granted her motion for summary judgment and remanded the matter to the Retirement Board so that it could grant her the additional benefits. On appeal, the Retirement Board contends that the circuit court erred in reversing its decision because under the Illinois Pension Code, the date of birth stated in the employment application is "conclusive." (Ill. Rev. Stat. 1991, ch. 40, par. 5—223 (now 40 ILCS 5/5—223 (West 1992)).) For the reasons that follow, we reverse the judgment of the circuit court.
On March 2, 1953, Thomas J. Glynn was appointed to the Chicago

police department. In his application for employment with the Civil Service Commission, he stated that he was born on January 3, 1928. Similarly, on his enrollment form with the Retirement Board, he stated that his date of birth was January 3, 1928. Glynn died as a result of an injury sustained in the line of duty on September 20, 1974, and plaintiff began receiving widow's compensation annuity benefits.

On January 17, 1991, the Retirement Board sent plaintiff a letter informing her that because their records indicated that her husband would have turned 63 years old on January 3, 1991, she would no longer receive the compensation annuity, and instead would receive the lesser supplemental annuity benefit. Plaintiff filed a petition with the Retirement Board asserting that because Glynn was actually born on February 4, 1929, he would not have attained the age of 63 until February 4, 1992, and therefore she was entitled to the greater benefit until that time.

At the hearing on the petition, plaintiff offered into evidence certified copies of Glynn's birth certificate and baptismal records, both of which established that Glynn was born on February 4, 1929, rather than January 3, 1928. She also testified that throughout their marriage, their family had always recognized Glynn's birthday as February 4. On cross-examination, she identified her husband's signature on the Civil Service Commission application.

The Retirement Board first noted that Glynn's enrollment form indicated that the date of birth of January 3, 1928, had been verified with the Civil Service Commission on July 21, 1953, and then unanimously voted to deny plaintiff's petition because section 5—223 of the Pension Code provides that the age stated in the employment application is conclusive evidence for purposes of the statute.

One of the board members then told plaintiff:

"Mrs. Glynn, you understand how we feel? We're faced with the statute, what's written in the statute.

I have talked with you on the phone before and I want to tell you that I have requested the [Fraternal Order of Police] to look into statutory changes as far as what a surviving spouse might be entitled to. I have reminded them about that. I don't want you to feel as though we have forgotten you. We haven't. We're sort of tied with this particular decision.

I hope you'll understand that."

Plaintiff then filed a complaint for administrative review in the circuit court, alleging that the Retirement Board's decision was not in accordance with the law. Plaintiff subsequently filed a motion for summary judgment.

After a hearing, the circuit court granted plaintiff's motion, finding that section 5—144 of the Pension Code mandates that a surviving spouse be entitled to receive the compensation benefit until the police officer would have actually reached 63, rather than when his application indicates he would have turned 63. The court also stated that it believed that section 5—223 applies only to policemen themselves, and not to others who may receive benefits under the Pension Code. The court then entered an order reversing the decision of the Retirement Board and directing it to grant plaintiff's petition on remand. The order also included language pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) so that the Retirement Board could immediately appeal the ruling.[1]

On appeal, the Retirement Board contends that the circuit court erred when it reversed the decision to deny plaintiff's petition because the plain language of section 5—223 precludes the Retirement Board from looking beyond the employment application to determine the officer's date of birth by mandating that the age stated in the application be treated as conclusive evidence. In response, plaintiff maintains that because the restriction of section 5—223 is expressly limited to police officers themselves, rather than including their spouses or dependents, she is entitled to receive the greater benefit under section 5—144 until her husband would have reached age 63 on February 4, 1992.

Because the construction of a statute is a question of law (*Berrios v. Rybacki* (1989), 190 Ill. App. 3d 338, 348, 546 N.E.2d 651, *appeal denied* (1990), 129 Ill. 2d 561, 550 N.E.2d 553), we need not give any deference to the interpretation of the circuit court or the Retirement Board. See *Van's Material Co. v. Department of Revenue* (1989), 131 Ill. 2d 196, 202-03, 545 N.E.2d 695 (noting that statutory interpretations made by the agency charged with their enforcement are "clearly not binding on the courts" even though they may receive some respect and deference).

The Illinois Pension Code is divided into several articles, each

---

[1]We note that such language was unnecessary in this case because rather than conducting an entirely new hearing on remand, the Retirement Board was merely required to grant plaintiff's petition. See *Wilkey v. Illinois Racing Board* (1983), 96 Ill. 2d 245, 249, 449 N.E.2d 843 (holding that when a court remands a cause for entry of judgment according to the court's instructions, the order is considered final and may be reviewed by an appellate court); see also *Martin v. Cajda* (1992), 238 Ill. App. 3d 721, 726-27, 606 N.E.2d 566 (holding that a remand to an administrative hearing officer to enter a discharge order resolved the dispute between the parties, and was therefore "substantively final").

one involving a different group of Illinois pensioners. Article 5, the controlling article in this case, is entitled "Policemen's Annuity and Benefit Fund—Cities over 500,000."

Section 5—144 provides in pertinent part:

"Beginning January 1, 1986, and without regard to whether or not the annuity in question began before that date, if the annuity for a widow of a policeman whose death, on or after January 1, 1940, results from injury incurred in the performance of an act or acts of duty, is not equal to the sum hereinafter stated, 'Compensation Annuity' equal to the difference between the annuity and an amount equal to 75% of the policeman's salary *** that would ordinarily have been paid to him as though he were in active discharge of his duties shall be payable to the widow until the policeman, had he lived, would have attained age 63. ***

Thereafter, 'Supplemental Annuity', equal to the difference between the annuity for the widow and the annuity she would have received if the policeman had continued in service at the salary in effect at his death until he attained age 63, shall be payable to her." Ill. Rev. Stat. 1991, ch. 108¹/₂, par. 5—144 (now 40 ILCS 5/5—144 (West 1992)).

Section 5—223 provides:

"For any policeman, as defined in this Article, who has filed an application for appointment as a member of the police department of the city, the age therein stated shall be conclusive evidence of his age for purposes of this Article." Ill. Rev. Stat. 1991, ch. 108¹/₂, par. 5—223 (now 40 ILCS 5/5—223 (West 1992)).

Illinois law is well established that the primary role of a court when construing a statute is to ascertain and to give effect to the intent of the legislature. (*Burke v. 12 Rothschild's Liquor Mart, Inc.* (1992), 148 Ill. 2d 429, 441, 593 N.E.2d 522; *In re Marriage of Hawking* (1992), 240 Ill. App. 3d 419, 424, 608 N.E.2d 327, *appeal denied* (1993), 149 Ill. 2d 649, 612 N.E.2d 513.) In order to ascertain legislative intent, the court must look to the language of the statute, considering each section in connection with every other section. (*Antunes v. Sookhakitch* (1992), 146 Ill. 2d 477, 484, 588 N.E.2d 1111.) However, when the language of a statute lends itself to two possible constructions, one of which renders it absurd or illogical while the other appears reasonable and sensible, the construction which leads to an absurd result must be avoided. *Mulligan v. Joliet Regional Port District* (1988), 123 Ill. 2d 303, 312-13, 527 N.E.2d 1264.

In the instant case, the language of section 5—144 clearly states that a surviving spouse of a police officer who dies as a result of injuries sustained in the line of duty is entitled to receive the "Compensation Annuity" until the policeman would have turned 63

years old. That section does not indicate, however, how to calculate when such an event would occur. Accordingly, if we were to construe section 5—144 in a vacuum, we would have to agree with the circuit court that plaintiff was entitled to receive the greater benefit until her husband would have actually turned 63 on February 4, 1992, rather than on the earlier date based on the Retirement Board's records. See *Roser v. Anderson* (1991), 222 Ill. App. 3d 1071, 1075, 584 N.E.2d 865, *appeal denied* (1992), 144 Ill. 2d 643, 591 N.E.2d 31 (stating that the plain language of a statute must be given "its ordinary and popularly understood meaning").

Because we are not construing section 5—144 in a vacuum, however, we reach the contrary conclusion. Section 5—223 explicitly states that the age stated by a police officer in his application for appointment to the police department "shall be conclusive evidence of his age for purposes of this Article." While it is true that section 5—223 begins with the introductory clause "[f]or any policeman," such language does not necessarily limit its application (as plaintiff argues and the circuit court found) to only those instances where the policeman himself is still involved. To the contrary, the concluding phrase "for purposes of this Article" implies that the restriction of section 5—223 applies to every section found in article 5 of the Pension Code. Thus, because section 5—144 must be read in conjunction with section 5—223, the only logical conclusion is that the Retirement Board was obligated to calculate Glynn's age from the date of birth stated in his Civil Service Commission application rather than from his actual birth date as established by plaintiff.[2] Although it is true that pension laws are to be construed liberally in

---

[2]This conclusion is also supported by language of prior versions of section 5—223.

The original version, enacted in 1921, provided:

"In the case of any policeman who shall have filed an application for appointment as a member of the police department of such city, the age stated in such application shall be conclusive evidence of the age of such policeman for the purposes of this Act." Ill. Rev. Stat. 1921, ch. 24, par. 1004.

In 1933, the section was amended. That version provided:

"In the case of any policeman who shall have filed an application for appointment as a member of the police department of such city, the age stated in such application shall be conclusive evidence of the age of such policeman for the purposes of this Act, *in the absence of fraud, or of a certificate of birth, or of other evidence as to age satisfactory to the retirement board.*" (Emphasis added.) Ill. Rev. Stat. 1933, ch. 24, par. 1004.

favor of those to be benefitted (*Kozak v. Retirement Board of the Firemen's Annuity & Benefit Fund* (1983), 95 Ill. 2d 211, 217, 447 N.E.2d 394), to find otherwise would lead to the absurd conclusion that the Retirement Board must use one method of calculating a policeman's age in cases where the policeman is still alive, and another method in cases where he is not.

Accordingly, we hold.that the circuit court erred when it reversed the Retirement Board's decision and remanded the matter so that plaintiff's petition could be granted.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

HARTMAN and McCORMICK, JJ., concur.

---

In 1947, the section was amended again to return it to its original language, and remained that way until 1963 when the Pension Code was recodified. At that time, minor changes were made to the section to make it more consistent with the overall Pension Code. That version is the one that remains in effect at this time. See Ill. Rev. Stat. 1963, ch. 108$^1$/$_2$, par. 5—223.

Because we must presume that the legislature intended to alter the effect of the statute when it amended the language (*In re Marriage of Sutton* (1990), 136 Ill. 2d 441, 447, 557 N.E.2d 869), we find that by omitting the language of the 1933 version, the legislature intended to remove any ability of the Retirement Board to consider evidence of a policeman's age other than what appears in his application.