JETSON MIDWEST MAINTENANCE, Appellant, v. THE INDUSTRIAL COMMISSION et al. (Rudy Huber, Appellee.)

First District (Industrial Commission Division)   No. 1—97—1006WC

Opinion filed May 5, 1998.

Peter J. Crowley, of Chicago (Mary Pat Donohue, of counsel), for appellant.

Anesi, Ozmon, Rodin, Novak & Kohen, Ltd., of Chicago (John M. Popelka, of counsel), for appellee.

JUSTICE HOLDRIDGE delivered the opinion of the court:

Rudy Huber (the claimant) filed an application for adjustment of claim pursuant to the Workers' Compensation Act (the Act) (Ill. Rev. Stat. 1983, ch. 48, par. 138.1 *et seq.* (now 820 ILCS Ann. 305/1 *et seq.* (Michie 1995))) alleging that while working for Jetson Midwest Maintenance (employer) he suffered injuries to his left knee as a result of an accident on November 16, 1991.

Immediately prior to the start of a section 19(b) hearing, a stipulation sheet was completed by the parties, marked and offered as arbitrator's exhibit No. 1. At paragraph 5, an average weekly wage (AWW) figure of $304.50 is crossed out and replaced with the handwritten figure of $231.51 per week. There are no initials or date next to the changes. Claimant testified at the hearing that he normally worked 10 hours per day during the week. He also testified that Saturdays were "like working a regular working day" during which he worked 8 to 10 hours.

After the close of proofs, the arbitrator issued a decision awarding compensation in which he recited an AWW of $304.50 per week. Employer filed a timely petition for review of the arbitrator's decision with the Industrial Commission (Commission). In the request for review form, employer did not raise the arbitrator's calculation of the AWW as error. Employer's statement of exceptions and supporting brief were due to be filed with the Commission on June 9, 1995. Employer's exceptions and brief, in which employer raised the issue of AWW, were not filed until July 31, 1995, three days prior to the oral arguments before the Commission.

The Commission denied oral argument based upon the untimely submission of the statement of exceptions and did not consider employer's statement of exception when it ruled that the issue of AWW was waived. The Commission issued a decision adopting the Arbitrator's decision and finding that employer had waived the issue

of AWW by failing to raise it in the petition for review or in a timely statement of exceptions.

Employer filed a petition for judicial review with the circuit court of Cook County. Judge Alexander P. White held that the finding of the Commission that respondent had waived the issue of AWW was neither contrary to law nor against the manifest weight of the evidence. The employer appealed.

The employer contends that the Commission's decision adopting the arbitrator's finding that the claimant's AWW was $304.50 was contrary to law and against the manifest weight of the evidence where there was no evidence in the record supporting a finding of $304.50 as the AWW, and the parties had stipulated prior to hearing that the AWW was $231.51.

■ The employer acknowledges that failure to present an issue to the Commission waives that issue before the circuit court and the appellate court. *Service Adhesive Co. v. Industrial Comm'n*, 226 Ill. App. 3d 356, 370 (1992). Employer further acknowledges that Commission rules require that statements of exceptions and supporting briefs shall be filed not later than 30 days after transmittal of the transcript on review. Likewise, section 7040.70(d) of the Commission rules states:

> "The Commission will only consider, and oral arguments will be limited to, the issues raised in both the Review proceedings stipulation form *** and in the party's statement of exception(s) and/or addition(s) and supporting brief, and to those in any complying response thereto. Failure of any appellant or petitioning party to file timely any statement of exception(s) and/or additions(s) and supporting brief as required by this Section *** shall constitute waiver of the right to oral argument by that party and an election not to advise the Commission of any reason to change the Arbitrator's decision or to grant the petition ***." 50 Ill. Adm. Code § 7040.70(d) (1997).

Employer claims, however, that it did properly present the issue of AWW to the Commission in its, albeit untimely filed, statement of exceptions and brief. Employer also notes that the Commission only remarked on its failure to check off "wages" as an issue on the petition for review form as support for the finding that AWW was not raised as an issue. Employer notes that the petition form specifically states that additional issues may be considered by the Commission, and this statement is inconsistent with the "unduly harsh" decision of the Commission to follow section 7040.70(d).

■ It is well settled that failure to present an issue before the Commission waives the issue. *Service Adhesive Co.*, 226 Ill. App. 3d

356. Absent an abuse of discretion, a reviewing court should not overturn an administrative decision of the Commission regarding its own procedural rules. After carefully reviewing the record in this matter, we see no abuse of discretion by the Commission.

Based upon the foregoing, the decision of the circuit court of Cook County is affirmed.

Affirmed.

McCULLOUGH, P.J., and RAKOWSKI, COLWELL, and RAR-ICK, JJ., concur.