SIXTH DIVISION

March 29, 2002

No.  1-00-3339

JOHN J. RESS, ) Appeal from the

) Circuit Court of

Plaintiff- Appellant, ) Cook County.

)

v. ) No. 99 L 50234

)

THE OFFICE OF THE STATE COMPTROLLER, ) 

and THE OFFICE OF THE STATE )

COMPTROLLER'S MERIT COMMISSION, ) Honorable

              ) John K. Madden, 

Defendants-Appellees. ) Judge Presiding.

JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiff, John J. Ress, appeals the order of the circuit court affirming the order of the office of the State Comptroller's Merit Commission (Commission) discharging him.  On appeal, plaintiff argues: (1) the Commission failed to set forth specific facts supporting its decision to discharge plaintiff; (2) the Commission violated plaintiff's due process rights and engaged in impermissible 
ex
 
parte
 consultations; and (3) the Commission's findings of fact were against the manifest weight of the evidence and its decision to discharge plaintiff was arbitrary and unreasonable.  We reverse and remand to the Commission.

Plaintiff worked in the cemetery care and burial trust department of the office of the State Comptroller (the Comptroller) for over 20 years.  During the last 10 years of his employment, plaintiff held the position of auditor V, in which he supervised field auditing staff, reviewed the work papers of field auditors, followed up on audit findings and analyzed the business practices of funeral homes and cemeteries. 

On or about July 6, 1998, plaintiff received a memorandum from Tom Hughes, the assistant Comptroller, asking plaintiff to audit Warren Mortuary and forward his assessments and recommendations to Mr. Hughes.  Plaintiff's written response did not satisfy Mr. Hughes, who subsequently issued a memorandum to Susan Vespa, the director of human resources, in order to initiate plaintiff's discharge.  In her proposed discharge notification letter to plaintiff, Ms. Vespa outlined the course of progressive discipline given to plaintiff in the past, including a December 1996 written warning, several oral and written warnings in April 1997, a 5-day suspension in May 1997, a 10-day suspension in August 1997, and a written warning in March 1998.  After plaintiff was ordered to leave his office, Mr. Hughes and Ms. Vespa discovered uncashed checks, improperly filed papers and an unopened subpoena in plaintiff's office.

On July 30, 1998, Ms. Vespa issued a letter of approved charges to plaintiff specifying the reasons for discharge as "[i]nadequate work performance in the audit of the Warren Mortuary" and "a failure to perform basic functions of [plaintiff's] position" as evidenced by the papers found in plaintiff's office.  Noting plaintiff's past disciplinary record, Ms. Vespa concluded that "continued application of corrective discipline will not be effective."  Plaintiff was discharged effective July 31, 1998.  Plaintiff appealed the Comptroller's decision to the Commission and the Commission appointed a hearing officer who held hearings on the matter.

On January 22, 1998, the hearing officer issued his proposal for decision.  The hearing officer found that the testimony and evidence did not support the charge that plaintiff performed inadequately in the audit of Warren Mortuary.  However, the hearing officer found that there was evidence that plaintiff failed to properly process checks and file documents.   

Although he allowed the Comptroller to present evidence concerning all of plaintiff's prior disciplinary actions, the hearing officer subsequently interpreted sections 500.295(a) and (b) of the Illinois Administrative Code (80 Ill. Adm. Code §§500.295(a),(b)(2001))as precluding consideration of any written warnings given more than 12 months before the action triggering the discharge. Thus, the hearing officer found that the Comptroller improperly considered the December 1996 and April 1997 written warnings in its decision to discharge plaintiff.  Noting plaintiff's long employment history and that plaintiff was not the only employee to mishandle documents, the hearing officer recommended a 30-day suspension without pay in lieu of the discharge.  The Comptroller filed an exception to the hearing officer's proposal for decision;  however, plaintiff did not file an exception.

On February 10, 1999, the Commission held a public meeting where it heard oral argument from the Comptroller's attorney and from the Comptroller's deputy legal counsel.  Neither plaintiff nor plaintiff's counsel attended the meeting, having sent a letter beforehand to the Commission stating they "object to any oral argument."

The Commission subsequently issued an order rejecting the hearing officer's proposal and affirming the Comptroller's decision to discharge plaintiff.  In the order, the Commission stated "that the [h]earing [o]fficer erroneously considered the Warren Mortuary incident in isolation without regard to the two year history of progressive disciplinary measures imposed upon [plaintiff]."  The Commission concluded that plaintiff was discharged for cause;  specifically, for "repeated poor work performance[,] *** fail[ure] to complete assignments, improper conduct, and fail[ure] to follow department procedures."

Plaintiff filed a timely complaint for administrative review in the circuit court.  After the circuit court denied him relief, plaintiff filed a motion for entry of findings of fact and/or propositions of law.  Plaintiff then filed a motion for reconsideration which the circuit court denied.  Plaintiff filed this timely appeal.

First, plaintiff contends the Commission failed to set forth specific facts supporting its decision to affirm plaintiff's discharge.  On appeal, we review the decision of the administrative agency, not the decision of the circuit court.  
Swoope v. Retirement Board of the Policemen's Annuity & Benefit Fund
,  323 Ill. App. 3d 526, 529 (2001).  Contrary to plaintiff's contention, the Commission need not make a specific "finding on each evidentiary fact or claim;  rather, it is sufficient that its findings are specific enough to permit an intelligent review of its decision."  
City of Chicago v. Illinois Commerce Comm'n
, 281 Ill. App. 3d 617, 623-24 (1996).  Here, the Commission clearly stated in its order "that it cannot accept the [h]earing [o]fficer's interpretation of the law on the issue of progressive discipline."  The Commission interpreted section 500.295(b) as permitting the consideration of "the totality of discipline imposed," and after reviewing plaintiff's record, it determined that further discipline would not improve his performance.  Therefore, the Commission affirmed the Comptroller's discharge of plaintiff for "repeated poor work performance[,]*** fail[ure] to complete assignments, improper conduct, and fail[ure] to follow department procedures."  As such, the Commission's findings are sufficient to allow review of its decision.

Second, plaintiff contends that he was denied due process when the Commission failed to give him a proposal for decision and an opportunity to file his exceptions or present oral argument.  Plaintiff has waived this argument on review, as he received the hearing officer's proposal for decision but did not file an exception, nor did he raise the issue in his first amended complaint before the circuit court.  See 
Jetson Midwest Maintenance v. Industrial Comm'n
, 296 Ill. App. 3d 314, 315-16 (1998).  Even if plaintiff had not waived the issue, he cannot claim that he was denied notice and an opportunity to be heard when he received the hearing officer's proposal for decision, chose not to file an exception to the decision with the Commission, and then issued a letter that he objected to any further oral argument before the Commission even though section 10-45 of the Illinois Administrative Procedure Act (5 ILCS 100/10-45 (West 1998)) permits oral argument.  See 
Tate v. American General Life & Accident Insurance Co.
, 274 Ill. App. 3d 769, 774 (1995) (petitioner's failure to follow the opportunities to present his evidence before the commission does not indicate a denial of due process).

Plaintiff also contends that the Commission violated his due process rights and engaged in impermissible 
ex
 
parte
 consultations when it heard oral argument from the Comptroller.  The Commission's hearing of the Comptroller's oral argument does not amount to improper 
ex
 
parte
 communication when plaintiff chose not to appear at the hearing and he had proper notice of the hearing.  See 
Village of Montgomery v. Illinois Commerce Comm'n
, 249 Ill. App. 3d 484, 495 (1993) ("[t]he 
ex
 
parte
 rules of the [Illinois Administrative] Procedure Act expressly proscribe direct and indirect communications between agency members, employees or hearing examiners and any person or party, following notice of hearing in a contested case, 
except upon notice and opportunity for all parties to participate
" (emphasis added)). 

Third, plaintiff contends that the Commission's factual findings were against the manifest weight of the evidence.  The reviewing court must sustain an agency's findings of fact unless they are against the manifest weight of the evidence.  
Zaderaka v. Illinois Human Rights Comm'n
, 131 Ill. 2d 172, 180 (1989).  An agency's factual findings are against the manifest weight of the evidence only if the opposite conclusion is clearly evident.  
Anderson v. Human Rights Comm'n
, 314 Ill. App. 3d 35, 49 (2000). 

Here, the hearing officer heard evidence that plaintiff was responsible for the improper filing of a "voluminous" amount of paperwork in his office and for failing to process checks.  The hearing officer also heard evidence concerning plaintiff's extensive prior disciplinary record and neither party disagreed that plaintiff had such a disciplinary record. The Commission concluded that plaintiff was discharged for "repeated poor work performance[,] *** fail[ure] to complete assignments, improper conduct, and fail[ure] to follow department procedures."  The evidence supports the Commission's findings;  thus, the factual findings are not against the manifest weight of the evidence.

Finally, plaintiff contends that the Commission's order discharging him was arbitrary and unreasonable.  The reviewing court gives much deference to an administrative agency's finding of cause for discharge and it will sustain a discharge even if it considers another sanction more appropriate.  
County of Cook v. Illinois Local Labor Relations Board
, 302 Ill. App. 3d 682, 692 (1998).  "Cause" is defined as "'"some substantial shortcoming which renders [the employee's] continuance in office or employment in some way detrimental to the discipline and efficiency of the service.'""  
County of Cook
, 302 Ill. App. 3d at 692, quoting 
Walsh v. Board of Fire & Police Commissioners
, 96 Ill. 2d 101, 105 (1983), quoting 
Fantozzi v. Board of Fire & Police Commissionsers
, 27 Ill. 2d 357, 360 (1963).  Upon review, the court will overturn an administrative agency's decision to discharge only if the determination is arbitrary or unreasonable.  
Launius v. Board of Fire & Police Commissioners
, 151 Ill. 2d 419, 435 (1992).  

Here, the Commission interpreted sections 500.295(a) and (b) of the Illinois Administrative Code as permitting consideration of all of plaintiff's prior warnings when determining whether there was cause for discharge.  The Administrative Code has the force and effect of law, and the rules of statutory construction apply when construing its provisions.  
Medcat Leasing Co. v. Whitley
, 253 Ill. App. 3d 801, 803 (1993).  The primary aim is to give effect to the drafters' intent.  
Nolan v. Hillard
, 309 Ill. App. 3d 129, 143 (1999).  The best indicator of this intent is the language of the rule, which is given its plain and ordinary meaning.  
Nolan
, 309 Ill. App. 3d at 143.  The reviewing court gives great deference to an agency's interpretation of its own rules, but we will not accord deference to an interpretation that is plainly erroneous or contrary to the clear language of the provision.  
Marion Hospital Corp. v. Health Facilities Planning Board
, 321 Ill. App. 3d 115, 127 (2001).  

Section 500.295(a) provides:

"(a) Progressive Corrective Discipline:  Unless grounds clearly are present warranting immediate discharge or suspension pending decision on discharge, employees shall be subject to corrective discipline progressively applied utilizing counseling, warnings, and/or suspensions, as the facts and circumstances dictate, prior to discharge.  If an employee's work or work-related conduct remains unacceptable after the application of progressive corrective discipline, such employee may be discharged in accordance with the appropriate rules below."  80 Ill. Adm. Code §500.295(a) (2001).

Section 500.295(b) provides:

"(b) Discipline--Written Warnings:  A department head or designee may warn an employee either orally or in writing as a disciplinary measure.  A copy of any written warning shall be placed in the employee's personnel file and it may be used in considering further discipline, demotion, withholding of salary increases, and  other personnel transactions when such actions occur within twelve (12) months of the date of issuance of the written warning."  80 Ill. Adm. Code §500.295(b) (2001).

Pursuant to section 500.295(a), the Comptroller applied progressive corrective discipline to plaintiff, including giving him a written warning in December 1996, several oral and written warnings in April 1997, a 5-day suspension in May 1997, a 10-day suspension in August 1997, and a written warning in March, 1998.  Plaintiff's work-related conduct remained unacceptable after the application of the progressive corrective discipline, so the Comptroller discharged plaintiff effective July 31, 1998.  In affirming the Comptroller, the Commission considered the December 1996, and April 1997 written warnings, which were issued more than 12 months prior to plaintiff's discharge.  The Commission erred in considering those warnings.  Under section 500.295(a), where an employee's work remains unacceptable after the application of progressive corrective discipline, he may only be discharged in accordance with the "appropriate rules below."  80 Ill. Adm. Code §500.295(a)(2001).  In the present case, the appropriate rule is contained in section 500.295(b).  Under section 500.295(b), a copy of a written warning may be used in considering further discipline (here, discharge) only when the written warning was issued within 12 months of the discharge.  Therefore, we reverse and remand to the Commission to review plaintiff's discharge without considering the December 1996 and April 1997 written warnings.

For the foregoing reasons, we reverse and remand to the Commission for further proceedings consistent with this opinion. 

Reversed and remanded.

GALLAGHER, P.J., concurs.  BUCKLEY, J., dissents.

JUSTICE BUCKLEY, dissenting:

I concur in the majority's reversal of the cause but write separately to dissent its remanding for further proceedings.

The record shows that the specific charge that triggered the appellant's discharge was deficient work product on the Warren Mortuary assignment.  As to that charge the hearing officer concluded that "there is no reasonable evidence in the record relating to the Warren Mortuary assignment" and that "the Controller has failed to meet its burden of proving charge #1 by a preponderance of the evidence."

A second charge was a failure to open a letter containing a subpoena requiring appellant to appear in a pending proceeding in Peoria, Illinois.  It was undisputed at the hearing that he had not only opened the subpoena but actually testified in Peoria on behalf of the government pursuant to the subpoena.

What can be described as a third charge was the alleged finding of documents, including uncashed checks, in the office he was required to vacate.  As to this charge, the hearing officer found substantial and credible evidence that (1) many of the documents were moved into the appellant's office when two credenzas were placed there; (2) other employees of the Comptroller, including the Department's director and his secretary were not only aware of the location of the documents but were in fact, responsible for placing many of the documents into the files located in his office; (3) the  evidence of the uncashed checks showed that most of them were found in 1996 or 1997 when another employee left the office and that only two of them might be imputed to the appellant and that the problem was widespread.

The Commissioners' final order rejected the hearing officer's interpretation of the Statute (which we today have upheld) and found that the discharge based upon "the totality of discipline  imposed" was appropriate.

I submit that when the hearing officer found that the evidence of the three major grievances was insufficient, that the only remaining evidence was that which we have found to have been improperly considered and that the findings of the hearing officer were not against the manifest weight of the evidence and the decision to discharge was therefore arbitrary and unreasonable.  What is there for the Comptroller to come up with upon remand?

A remand is pettifogging to the n
th
  degree.  

He deserves to be returned to service forthwith.