KLEIN CONSTRUCTION/ILLINOIS INSURANCE GUARANTY FUND, Appellant, v. ILLINOIS WORKERS' COMPENSATION COMMISSION et al. (John Klein, Appellee).

First District (Illinois Workers' Compensation Commission Division)
No. 1—07—2435WC

Opinion filed July 8, 2008.

234

Hennessy & Roach, P.C., of Chicago (Jason D. Kolecke, of counsel), for appellant.

Vrdolyak Law Group, LLC, of Chicago (Michael P. Casey, of counsel), for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

Klein Construction and the Illinois Insurance Guaranty Fund (Guaranty Fund) appeal from an order of the circuit court of Cook County confirming a decision of the Illinois Workers' Compensation Commission (Commission) which modified a decision issued by an arbitrator and awarded the claimant, John Klein, additional benefits under the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1998)). For the reasons that follow, we affirm the judgment of the circuit court.

The claimant filed an application for adjustment of claim pursuant to the Act seeking benefits for injuries that he received while in the employ of Klein Construction. Following a hearing held pursuant to

section 19(b) of the Act (820 ILCS 305/19(b) (West 2000)), an arbitrator found that the claimant sustained accidental injuries arising out of and in the course of his employment with Klein Construction on April 26, 1999. Specifically, the arbitrator found that the condition of the claimant's cervical spine is causally related to his work injury, but that the claimant's complaints concerning his thoracic spine are not related to his injury on April 26, 1999. The arbitrator awarded the claimant 161¹/₇ weeks of temporary total disability (TTD) benefits under section 8(b) of the Act (820 ILCS 305/8(b) (West 2000)). Additionally, the arbitrator concluded that the surgical procedure to the claimant's thoracic spine recommended by one of his treating physicians is not related to the claimant's work injury and that the medical treatment rendered to the claimant by Dr. Bernstein, and any medical providers to whom the claimant was referred by Dr. Bernstein, is outside the scope of section 8(a) of the Act (820 ILCS 305/8(a) (West 2000)) and not the responsibility of Klein Construction.

The claimant filed a timely petition seeking a review of the arbitrator's decision before the Commission. In his petition, the claimant marked every listed issue as in need of review by the Commission, including, but not limited to, causal connection between his accident and the medical expenses that he incurred, the necessity for prospective medical care, the nature and extent of his disability, and the duration of his disability. However, the claimant never filed a statement of exceptions as required by rule, section 7040.70 of the rules governing practice before the Commission (50 Ill. Adm. Code §7040.70, amended at 14 Ill. Reg. 13173 (eff. August 1, 1990)) (hereinafter Rule 7040.70). As a consequence, the Commission denied oral argument on claimant's petition for review.

In a decision with one commissioner dissenting, the Commission modified the arbitrator's decision, finding that the claimant established a causal connection between his work injury and the condition of ill-being of both his cervical spine and thoracic spine. The Commission awarded the claimant 249³/₇ weeks of TTD benefits; ordered Klein Construction to pay for a repeat functional capacity evaluation and to initiate vocational rehabilitation and the payment of maintenance, if appropriate; and ordered Klein Construction to pay all reasonable medical expenses relating to the medical care rendered by providers within the claimant's two allowed choices. In all other respects, the Commission affirmed and adopted the arbitrator's decision. The dissenting commissioner reasoned that the claimant's failure to file a statement of exceptions and supporting brief in violation of Commission Rule 7040.70 required a summary affirmance of the arbitrator's decision. Additionally, the Commission remanded the matter back to

the arbitrator for further proceedings pursuant to *Thomas v. Industrial Comm'n*, 78 Ill. 2d 327, 399 N.E.2d 1322 (1980).

Klein Construction and the Guaranty Fund sought judicial review of the Commission's decision in the circuit court of Cook County. The circuit court confirmed the Commission's decision, and this appeal followed.

Taking the position of the dissenting commissioner, Klein Construction and the Guaranty Fund argue that the claimant's failure to file a statement of exceptions with the Commission in violation of Commission Rule 7040.70 constituted a waiver of all issues on review before the Commission. They contend, therefore, that the Commission erred in modifying the arbitrator's decision.

■ Rule 7040.70 of the rules governing practice before the Commission provides in relevant part as follows:

"a) Except in cases where Section 19(b—1) Petitions have been filed, each party filing a petition for review of the Arbitrator's decision *** shall file its statement of exception(s) and/or addition(s) and supporting brief ***:

\* \* \*

d) *** The Commission will only consider, and oral arguments will be limited to, the issues raised in both the Review proceedings stipulation form or its equivalent for proceedings *** and in the party's statement of exception(s) and/or addition(s) and supporting brief ***. Failure of any appellant or petitioning party to file timely any statement of exception(s) and/or addition(s) and supporting brief as required by this Section *** shall constitute waiver of the right to oral argument by that party and an election not to advise the Commission of any reason to change the Arbitrator's decision or to grant the petition; and in any case in which no appealing party has filed a statement of exception(s) and/or addition(s) and supporting brief together with any abstract required by this Section, neither party will be entitled to an oral argument before the Commission." 50 Ill. Adm. Code §§7040.70(a), (d), amended at 14 Ill. Reg. 13173 (eff. August 1, 1990).

Klein Construction and the Guaranty Fund assert that, in *Jetson Midwest Maintenance v. Industrial Comm'n*, 296 Ill. App. 3d 314, 694 N.E.2d 1037 (1998), "this Court held that the failure of the moving party to file a Statement of Exceptions timely represented that parties' failure to present the issue before the Commission and resulted in a waiver of that issue." However, the assertion is inaccurate. In *Jetson Midwest Maintenance*, the Commission held that the employer had waived any issue concerning the arbitrator's calculation of the claimant's average weekly wage "by failing to raise it in the petition for review or in a timely statement of exceptions." *Jetson Midwest*

*Maintenance*, 296 Ill. App. 3d at 315-16. The circuit court confirmed the decision, and this court affirmed. Unlike the employer in *Jetson Midwest Maintenance*, the claimant in this case raised all of the issues upon which the Commission ruled in his petition for review. It is only his failure to file a statement of exceptions that is similar to the facts in *Jetson Midwest Maintenance*.

Clearly, Commission Rule 7040.70(a) mandates that each party filing a petition for review of an arbitrator's decision file a statement of exceptions. 50 Ill. Adm. Code §7040.70(a), amended at 14 Ill. Reg. 13173 (eff. August 1, 1990). However, the question that remains is whether a failure to file a statement of exceptions constitutes a waiver of all issues on review, requiring the Commission to summarily affirm the arbitrator's decision. We look first to the language of the rule itself.

Commission Rule 7040.70(d) provides that, by failing to file a statement of exceptions, a petitioning party waives the right to an oral argument and elects not to advise the Commission of any reason to change the arbitrator's decision or to grant the petition. 50 Ill. Adm. Code §7040.70(d), amended at 14 Ill. Reg. 13173 (eff. August 1, 1990). Accordingly, the Commission denied the claimant's request for an oral argument in this case.

Rule 7040.70(d) also states that the Commission will only consider issues raised both in the review proceedings stipulation form and in the party's statement of exceptions. 50 Ill. Adm. Code §7040.70(d), amended at 14 Ill. Reg. 13173 (eff. August 1, 1990). Klein Construction and the Guaranty Fund argue that, according to Rule 7040.70(d), the Commission "cannot consider any of the issues identified by the moving party if the Statement of Exceptions is not filed." However, their construction of the rule fails to take into consideration the mandate of section 19(e) of the Act (820 ILCS 305/19(e) (West 2000)).

■ Section 19(e) of the Act states in relevant part that, "[i]f a petition for review and agreed statement of facts or transcript of evidence is filed, *** the Commission shall promptly review the decision of the Arbitrator and all questions of law or fact which appear from the statement of facts or transcript of evidence." 820 ILCS 305/19(e) (West 2000). Administrative rules which are in conflict with a statute are invalid. *Greaney v. Industrial Comm'n*, 358 Ill. App. 3d 1002, 1026, 832 N.E.2d 331 (2005). Simply put, Rule 7040.70(d) cannot prohibit the Commission from doing that which section 19(e) of the Act mandates. Once a timely petition to review an arbitrator's decision has been filed along with an agreed statement of facts or a transcript of the evidence, the Commission is obligated to review all questions of law or fact which appear from the transcript of evidence, and Rule 7040.70(d) cannot relieve it of that obligation.

■ Although the claimant's failure to file a statement of exceptions acted as a waiver of his right to an oral argument and an election not to advise the Commission of any reason to change the arbitrator's decision or to grant his petition, the Commission was nevertheless required by statute to review all questions of law or fact which appeared from the transcript of evidence. It appears that the Commission discharged its statutory duty in this regard and, as a consequence, modified the arbitrator's decision. We find no error of law in the procedure employed by the Commission, Rule 7040.70(d) notwithstanding.

Again relying upon Rule 7040.70(d), Klein Construction and the Guaranty Fund also argue that the claimant's failure to file a statement of exceptions acted as an election not to advise the Commission of any reason to change the arbitrator's decision or to grant his petition and, as such, a waiver of all issues raised in the petition for review. They assert that the Commission's action in modifying the arbitrator's decision in the face of the claimant's waiver was an abuse of discretion.

Waiver is a rule of administrative convenience. It is not jurisdictional in nature or any limitation upon the jurisdiction of the tribunal. See *Dillon v. Evanston Hospital*, 199 Ill. 2d 483, 504-05, 771 N.E.2d 357 (2002). We hold, therefore, that the Commission, in furtherance of its responsibility to provide a just result, may override considerations of waiver. See *Dillon*, 199 Ill. 2d at 505.

Klein Construction and the Guaranty Fund have made no argument that the Commission's decision is in any respect against the manifest weight of the evidence. As a consequence, we are unable to find that the Commission's election not to invoke the waiver doctrine in this case was an abuse of discretion. Therefore, we affirm the judgment of the circuit court which confirmed the Commission's decision and remand this cause to the Commission for further proceedings.

Affirmed and remanded to the Commission.

McCULLOUGH, P.J., and GROMETER, HOLDRIDGE, and DONOVAN, JJ., concur.