2025 IL App (1st) 1240457-U

SIXTH DIVISION

March 21, 2025

No. 1-24-0457

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| JULIA G. CASTANEDA, | ) ) | Appeal from the Circuit Court of Cook County, Illinois, County |
| Plaintiff-Appellee, | ) | Department, Law Division |
| | ) | |
| v. | ) | |
| | ) | |
| ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY; DIRECTOR OF ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY and BOARD REVIEW | ) ) ) | No. 2023 L 050316 |
| | ) | Honorable |
| | ) | Daniel P. Duffy, |
| Defendant-Appellants, | ) | Judge, presiding. |
| | ) | |
| and | ) | |
| | ) | |
| WAL-MART ASSOCIATES, INC., | ) ) | |
| | | |
| Defendant. | | |

JUSTICE C.A. WALKER delivered the judgment of the court.
Presiding Justice Tailor and Justice Gamrath concurred in the judgment.

**ORDER**

¶ 1     ***Held:***    The judgment of the circuit court is reversed, and the decision by the Illinois Department of Employment Security Board of Review is affirmed because the Board's decision was not clearly erroneous where the claimant did not qualify for late filing privileges under section 2720.120(b) of the Illinois Administrative Code.

¶ 2     Defendant-Appellant's Illinois Department of Employment Security (Department), Director of Illinois Department of Employment Security and Board of Review (Board) appeal from an order of the circuit court reversing the Board's denial of Julia Castaneda's (the claimant) application for the late filing of a certification for unemployment benefits. For the foregoing reasons, we reverse the order of the circuit court and affirm the decision of the Board.

¶ 3                          I. BACKGROUND

¶ 4     The claimant was employed as a Walmart cashier prior to being terminated for attendance policy violations in March 2022. In April 2022, it was determined by a claims adjudicator that the claimant was ineligible for benefits due to being terminated for misconduct under Section 602A of the Illinois Unemployment Act (Act). The claimant received a determination letter through U.S. mail from the Department. The letter explained that if the claimant disagreed with the determination of the Department, she "may complete and submit a request for reconsideration/appeal." Further, the letter stated, "if you file or have filed a request for reconsideration/appeal, continue to certify for benefits as long as you remain unemployed or until you are otherwise instructed, even though you will not receive benefits unless the appeal is decided in your favor." The letter also contained a phone number to call for additional information or legal assistance.

¶ 5     In May of 2022, the claimant received a "UI Finding" letter from the Department regarding her application for benefits. The letter stated her certification date was May 17, 2022. The letter

also explained that to receive benefits, she must "certify" by answering basic questions every other week following her first certification date. Further, in bold print, the letter stated, "the best way to certify for benefits is the internet\*\*\* you can also certify by telephone." The claimant appealed the adjudicator's decision denying her benefits but did not certify for her benefits while her appeal was pending.

¶ 6    After a hearing on October 12, 2022, the claimant's determination was set aside by a Department referee. The referee found that the claimant's conduct was not willful or deliberate and she had not been warned about Walmart's attendance policy. The claimant was determined eligible for benefits beginning March 27, 2022.

¶ 7    On November 16, 2022, the claimant requested a backdate certification for the time she missed while her appeal was pending. In December 2022, the claimant was interviewed by a claims adjudicator. She explained that she did not certify for benefits because she was waiting on the decision from her appeal. The claims adjudicator denied her request for backdate certification because she failed to certify on time and the failure was not due to any scenarios in section 2720.120(b) of the Code. The claimant appealed the claims adjudicator's determination to a Department referee.

¶ 8    In her appeal, the claimant stated she "had no idea" that she had the responsibility to certify for benefits while her appeal was pending. She noted that "nobody explained that to her, not even [through] the mail." In January 2023, a hearing was held with a Department referee where the claimant explained that she had a bad memory. But when submitting her claim for benefits, she read through all the instructions on the letters sent by the Department and again when she filed her appeal of the local office determination. She later admitted to the referee that she had received two letters from the Department but did not read the instructions in the letters and that it was her

mistake, and she was at fault. The Department referee denied her appeal because she did not certify for the benefits on time. The referee determined that none of the situations outlined in section 2720.120(b) of the Code applied to the claimant.

¶ 9 The claimant appealed the referee's determination to the Board. After a review of the record, the Board issued a final administrative decision affirming the referee's ruling. The Board noted that the claimant received two letters from the Department that clearly explained she must continue to certify for her benefits while the decision of the appeal was pending.

¶ 10 In the circuit court, the claimant filed a complaint for administrative review of the Board's final administrative decision. The court reversed the Board's decision because the claimant was "unaware" of the certification requirement. The court explained that the term "unawareness" required a subjective application, rather than an objective application. This appeal followed.

¶ 11                                II. JURISDICTION

¶ 12 The circuit court reversed the Board's final determination on December 12, 2023. The State timely filed a motion to reconsider on January 9, 2024. The court denied the State's motion to reconsider in part on February 6, 2024. The State timely filed a notice of appeal on March 5, 2024. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rule 303 (eff. July 1, 2017).

¶ 13                                III. ANALYSIS

¶ 14 As an initial matter, we note that Castenada did not file a brief in this appeal, and on October 21, 2024, we entered an order taking the case for consideration on the record and the appellant's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33, (1976). A reviewing court will not serve as the advocate for an appellee who does not file a brief. *First National Bank of Ottawa v. Dillinger*, 386 Ill. App. 3d 393, 395, (2008). Nonetheless,

the appellate court should decide the appeal on the merits where the record is simple, and the claimed error can be decided without the aid of an appellee brief. See *First Capitol Mortgage Corp.*, 63 Ill. 2d at 131-33 (explaining the resolution of appeals in cases where the appellee has failed to file a brief).

¶ 15    On appeal, the Department and the Board argue that the denial of the claimant's request to back date her certification of benefits was not clear err because she did not meet the requirements for late certification in section 2720.120(b) of the Code. They further argue that the claimant was aware of the certification requirement.

¶ 16                                     A. Standard of Review

¶ 17    The Department and the Board claim "the claimant never argued that the term 'unawareness' in the Code referred to subjective rather than objective, awareness" and "the law in Illinois is well-established that, if an argument is not presented in an administrative hearing, it is waived and may not be raised for the first time before the trial court on administrative review." *Khan v. Dep't of Healthcare & Fam. Servs.*, 2016 IL App (1st) 143908, ¶ 25. We note this court reviews the Board's final determination, not the determination of the circuit court, the referee, or the claims adjudicator. *Universal Sec. Corp. v. Department of Employment Sec.* 2015 IL App (1st) 133886. This court's review begins with the presumption the factual findings of the Board are "prima facie true and correct" and will be reversed only if the findings are against the manifest weight of the evidence. 735 ILCS 5/3-110 (West 2022); *Soni v. Department of Employment Security*, 2024 IL App (1st) 220137. Legal determinations of the Board are reviewed *de novo*. *Leach v. Department of Employment Security*, 2020 IL App (1st) 190299, ¶ 22. Once the facts and law are established, the issue is whether the facts meet the requisite legal standard, a determination

that involves both legal and factual analysis, is reviewed under the highly deferential clearly erroneous standard. *Cinkus v. Vill. Of Stickney Mun. Officers Elec. Bd.*, 228 Ill. 2d 200, 211 (2008).

¶ 18    "An administrative decision is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Beggs v. Board of Educ. Of Murphysboro Community Unit School Dist. No. 186*, 2016 IL 120236 ¶ 50; *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill.2d 380, 391 (2001) (quoting the definition of "clearly erroneous" from *United Stated v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

¶ 19                              B. The Board's Finding of Awareness

¶ 20    The Illinois Unemployment Act (Act) and the relevant Administrative Code (Code) allows late filed claims for benefits to be backdated when a claimant is: (1) "unaware of his or her rights under the Act"; (2) the employer or the IDES failed to discharge their responsibilities or obligations under the Act or the rules; (3) an act of coercion by the employing unit instructing the claimant not to claim benefits; or (4) other circumstances beyond the claimant's control, provided that the claim is submitted within 14 days after the conditions preventing timely filing have ceased to exist. 820 ILCS 405/500B (West 2020); 56 Ill. Admin. Code 2720.105(b) (eff. May 19, 2019).

¶ 21    The purpose of the Act is to alleviate the economic insecurity and hardship resulting from an involuntary loss of employment. 820 ILCS 405/100 (West 2020). The Act was specifically enacted to provide benefits to individuals who become unemployed through no fault of their own. *Messer & Stilp, Ltd. V. Department of Employment Security*, 392 Ill. App. 3d 849, 856 (2009). It is intended to be liberally construed to favor the awarding of benefits in furtherance of its primary objective of mitigating economic distress caused by involuntary employment. *Acevedo v. Department of Employment Security*, 324 Ill. App. 3d 768, 771 (2001). The receipt of

unemployment benefits is conditioned upon meeting the eligibility requirements set forth in the Act, and claimants bear the burden of proving that they meet those requirements. *Childress v. Department of Employment Security*, 405 Ill. App. 3d 939, 943 (2010).

¶ 22 "The Administrative Code has the force and effect of law, and the rules of statutory construction apply when construing its provisions." *Ress v. Office of the State Comptroller*, 329 Ill. App. 3d 136, 142 (2002). And a reviewing court must defer to an agency's interpretation of its own rules and regulations unless that interpretation is "plainly erroneous or contrary to the clear language of the provision." *Id*. at 142.

¶ 23 The claimant told the Department referee that when submitting her claim for benefits, she read through all the instructions on the letters sent by the Department and again when she filed her appeal of the local office determination. She admitted to the referee that she had received two letters from the Department but contradicted her previous statement by saying she did not read the instructions in the letters. Here, the record supports the contention that the claimant was aware of her rights under the Act because she testified that she read the instructions but had a bad memory. During her hearing, the claimant stated she had "no idea" that she was required to certify for benefits while her appeal was pending. She also noted that "nobody explained that [to her], not even [through] the mail." But she conceded that this oversight was her own mistake, and she was at fault.

¶ 24 We find *Perez v. Department of Employment Security*, 2023 IL App (1st) 221928-U instructive in this matter. In *Perez*, the claimant missed her first three certification dates on April 6, April 20, and May 4, 2020. She first certified for benefits on May 18, 2020, and subsequently began receiving unemployment benefits. At her hearing before a Department referee, she stated that she believed the process for certifying was "automatic" and "did not understand she needed

to answer a questionnaire online. This court found that the initial "UI finding letter" contradicted her claim, because the letter instructed her on the best way to certify benefits. Similarly, in the case *sub judice*, the claimant received two letters from the Department instructing her that during her appeal, she must continue to certify for benefits, and the claimant admitted that she read the letters. Hence, she was aware of the act's requirements.

¶ 25    Additionally, the record does not indicate that the Department or the claimant's employer failed to discharge their responsibilities under the Act. See 56 Ill. Admin. Code 2720.120(b)(2) (eff. May 19, 2019). As previously indicated, the claimant applied for unemployment benefits, and the Department issued a "UI finding" letter outlining the process for obtaining said benefits, which specifically instructed the claimant that she must continue certifying for benefits while her appeal was pending. The letter also included the option to certify via the online portal or by telephone. The claimant failed to provide any evidence demonstrating that her employer either coerced, warned, or instructed her to refrain from seeking unemployment benefits, pursuant to 56 Ill. Admin. Code 2720.120(b)(3) (eff. May 19, 2019). Finally, the record suggests that there were no other circumstances beyond the claimant's control which would allow for the processing of a late filed claim for benefits, as it was her own mistake. 56 Ill. Admin. Code 2720.120(b)(4) (eff. May 19, 2019).

¶ 26    As previously discussed, an agency's decision is clearly erroneous when the reviewing court is left with the definite and firm conviction that a mistake has been committed. *AFM Messenger Service, Inc.*, 198 Ill. 2d at 395. Here, we are not left with a definite and firm conviction that the Board has made a mistake. The record demonstrates the claimant was aware of the certification process because she read the letters advising her of the process, but she either ignored the instructions or did not remember them. Hence, the Board's decision finding the claimant failed to

meet any of the factors in the Code allowing the Department to process a late claim was not clearly erroneous. *Beggs*, 2016 IL 120236 ¶ 50.

¶ 27                              IV. CONCLUSION

¶ 28    The evidence in the record showed that the claimant was aware of her rights under the Act and had adequate notice of the necessary requirements for the Department to process a late filed certification claim. We conclude that the Board's decision was not clearly erroneous when it decided that she was ineligible for unemployment benefits because she did not meet any of the factors necessary to be eligible for a late claim as outlined in the Code. Accordingly, we affirm the Board's decision and reverse the decision of the circuit court.

¶ 29    Circuit court judgment reversed; Board decision affirmed.