2023 IL App (1st) 221928-U

No. 1-22-1928

Order filed January 26, 2024

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| MAGDALENA PEREZ, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 L 50159 |
| | ) | |
| THE DEPARTMENT OF EMPLOYMENT SECURITY, | ) | |
| DIRECTOR OF EMPLOYMENT SECURITY, THE | ) | |
| BOARD OF REVIEW, and AMERICAN COACH, INC., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (The Department of Employment Security, Director of | ) | |
| Employment Security, and The Board of Review, | ) | Honorable |
| | ) | Daniel P. Duffy |
| Defendants-Appellees). | ) | Judge, presiding |

PRESIDING JUSTICE ODEN JOHNSON delivered the judgment of the court.
Justices Hyman and C.A. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court properly affirmed the decision of the Board of Review to deny plaintiff's application for late filing of a claim certification for unemployment benefits.

¶ 2    Plaintiff Magdalena Perez appeals *pro se* from an order of the circuit court affirming the decision of the Board of Review (Board) denying plaintiff's application for late filing of a claim certification for unemployment benefits. We affirm.

¶ 3    The following facts are gleaned from the administrative record, which includes the Department of Employment Security's (IDES) unemployment insurance (UI) finding letter, plaintiff's backdating questionnaire, the claims adjudicator's determination and plaintiff's appeal therefrom, a transcript from the telephone hearing before the referee, the referee's decision, and the Board's decision. The record also contains plaintiff's *pro se* complaint for administrative review and the circuit court's order affirming the Board's decision.

¶ 4    On March 27, 2020, IDES sent plaintiff a UI finding letter regarding her unemployment claim made on March 22, 2020. The letter noted that she had been laid off from American Coach, Inc., on March 18, 2020, and needed to certify for benefits. The first certification date would be April 6, 2020. The letter contains bolded text which states, "The best way to certify for benefits is the Internet. You can certify for benefits online at www.ides.gov/certify. You can also certify by telephone by calling (312) 338-4337. These services are available Monday – Friday from 3 a.m. to 7:30 p.m."

¶ 5    On December 8, 2020, plaintiff completed a backdating questionnaire for three certification dates that she missed: April 6, April 20, and May 4, 2020. Plaintiff explained that she began certifying on May 18, 2020, and did not certify earlier because she did not know she needed to certify online every two weeks beginning on April 6, 2020.

¶ 6    A claims adjudicator reviewed plaintiff's claim for late certification, which requested benefits from March 22, 2020, through May 2, 2020. The claims adjudicator interviewed plaintiff,

who again stated that, after claiming unemployment benefits, she did not certify in April 2020 because she did not know she needed to "go online and answer the questionnaire every two weeks." The claims adjudicator noted that circumstances which prevented plaintiff from certifying "no longer exist[ed]" on May 18, 2020. On July 19, 2021, the claims adjudicator determined that plaintiff's request for late certification should be denied because she only requested late certification on December 8, 2020, more than 14 days after May 18, 2020, when she claimed that she first learned of the need to certify every two weeks.

¶ 7 Plaintiff appealed the claims adjudicator's decision, and the matter proceeded to a telephone hearing on September 23, 2021. During the hearing, plaintiff informed the referee that she called IDES before May but never reached anyone. Plaintiff stated that an IDES representative finally contacted her in December 2020, and told her to file a backdating questionnaire. Plaintiff also informed the referee that she initially believed the process for obtaining her unemployment benefits was automatic and she did not know that she needed to certify for the benefits until May.

¶ 8 In a decision mailed to plaintiff on September 24, 2021, the referee affirmed the claims adjudicator's decision, finding that plaintiff filed her claim certification beyond 14 days after the reasons for the failure to file no longer existed. Additionally, plaintiff did not establish good cause for failing to certify. Namely, plaintiff did not allege that (1) she was unaware of her rights; (2) the employing unit or agency did not discharge its responsibilities; (3) the employing unit or agency coerced, warned, or instructed her not to pursue her benefit rights; or (4) other circumstances existed beyond her control. The decision noted that plaintiff filed her claim for back benefits more than seven months after she knew that she could file the claim. Plaintiff appealed to the Board on October 20, 2021.

¶ 9     On February 16, 2022, the Board mailed its decision affirming the referee's decision. The Board noted that IDES was not required to process plaintiff's late claim certification because her failure to certify for benefits was not due to her unawareness of her rights, any failure of IDES or her employer to discharge its responsibilities, any coercion, warning, or instruction not to pursue her rights, or circumstances beyond her control. The Board found that plaintiff was not eligible for backdating and denied her application for late filing of claim certification

¶ 10    On March 7, 2022, plaintiff filed a *pro se* complaint for administrative review in the circuit court of Cook County.

¶ 11    On October 7, 2022, the circuit court affirmed the Board's decision in a written order. The court commented that "a different finding could have been made" by the Board under the circumstances, especially given the "issues during the time period surrounding March 2020." Nevertheless, the court found that the Board's determination was supported by the evidence and, thus, must be upheld.

¶ 12    On appeal, plaintiff asserts that she was unable to reach a representative of IDES by phone or receive assistance in person because the office was closed due to the COVID-19 pandemic. Plaintiff argues that the requirement to file her claim certification within 14 days after the reasons for the failure to file no longer existed should not apply due to the pandemic. Additionally, plaintiff argues that the UI finding letter did not specify a two-week "time limit" to file for back benefits, and she only learned about that rule "almost a year" later from the referee.

¶ 13    Under the Act, any decision by the Board shall be reviewable by the circuit court in accordance with the provisions of the Administrative Review Law. 820 ILCS 405/1100 (West

2020). On appeal, we review the decision of the Board, not that of the circuit court. *Petrovic v. Department of Employment Security*, 2016 IL 11856, ¶ 22.

¶ 14     The standard of review and, thus, the deference we afford to the Board's decision depends on whether the issue involves a question of fact, law, or a mixed question of fact and law. *Leach v. Department of Employment Security*, 2020 IL App (1st) 190299, ¶ 22. The Board's factual findings are considered *prima facie* correct and will be reversed only if they are against the manifest weight of the evidence. *Id*. "Factual determinations are against the manifest weight of the evidence if the opposite conclusion is clearly evident." *Beggs v. Board of Education*, 2016 IL 120236, ¶ 50. The Board's legal determinations are reviewed *de novo*. *Leach*, 2020 IL App (1st) 190299, ¶ 22. Lastly, mixed questions of fact and law, namely situations where "the historical facts are admitted or established and the only question is whether the facts satisfy the statutory standard, are subject to reversal only where they are clearly erroneous." *Id*. A decision is clearly erroneous where the reviewing court is left with "the definite and firm conviction that a mistake has been committed." *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill. 2d 380, 393 (2001).

¶ 15     Here, the Board's finding as to when plaintiff knew of the timing requirements for late claim certification presents a question of fact and will not be disturbed unless it is against the manifest weight of the evidence. *Beggs*, 2016 IL 120236, ¶ 50. In contrast, the Board's determination that plaintiff did not satisfy the requirements for late certification presents a mixed question of fact and law reviewed for clear error. *Leach*, 2020 IL App (1st) 190299, ¶ 22.

¶ 16     In order for an unemployed individual to receive benefits under the Unemployment Insurance Act (Act), she must claim benefits with respect to any week "in accordance with such

regulations as the Director may prescribe." 820 ILCS 405/500(B) (West 2020). Under the Illinois Administrative Code (Code), after the claimant has filed her initial claim, she must certify her continuing eligibility for each week she expects payment. 56 Ill. Admin. Code. 2720.115(a) (eff. May 14, 2019). IDES will send the claimant a claim certification form every two weeks, which the claimant must complete and file on the "Date to Mail" established by the form. *Id*.

¶ 17    If the claimant files a claim certification more than two weeks but less than one year late, IDES will still process the claim if the claimant shows:

"1) The individual's unawareness of his or her rights under the Act;

2) Failure of either the employing unit or [IDES] to discharge its responsibilities or obligations under the Act or the rules;

3) Any act of any employing unit in coercing, warning or instructing the individual not to pursue his or her benefit rights; or

4) Other circumstances beyond the individual's control if the claimant shows he or she filed his or her claim within 14 days after the reasons for the failure to file no longer existed." 56 Ill. Admin. Code 2720.120(b) (eff. May 19, 2019).

¶ 18    Here, the record establishes that plaintiff missed her first three certification dates on April 6, April 20, and May 4, 2020. Plaintiff first certified for benefits on May 18, 2020, after which she received unemployment benefits. At the hearing before the referee, plaintiff asserted that she first believed the process for certifying was "automatic" and did not understand she needed to answer a questionnaire online. The initial UI finding letter contradicts plaintiff's claim, since it instructs her to certify for benefits using the Internet or by calling the office. The letter specifies that the best way to certify was online. Plaintiff also filed for unemployment benefits shortly after she was

laid off, which establishes that she understood her right to request benefits. See 56 Ill. Admin. Code 2720.120(b)(1) (eff. May 19, 2019).

¶ 19     Additionally, the record contains no evidence that IDES and plaintiff's employer did not discharge their responsibilities under the Act. See 56 Ill. Admin. Code 2720.120(b)(2) (eff. May 19, 2019). As noted, plaintiff filed for unemployment benefits, and IDES sent her the UI finding letter which instructed her about the process for obtaining the benefits, which included certifying online or by telephone. Similarly, plaintiff presented no evidence establishing that her employer coerced, warned, or instructed her not to pursue her unemployment benefits. See 56 Ill. Admin. Code 2720.120(b)(3) (eff. May 19, 2019). Lastly, evidence established that plaintiff began certifying on May 18, 2020. As the claims adjudicator noted, on that day, the reasons for the failure to file no longer existed. Plaintiff did not file for back benefits until December 2020, well beyond the 14-day deadline in the regulation. See 56 Ill. Admin. Code 2720.120(b)(4) (eff. May 19, 2019).

¶ 20     Thus, the Board's finding that plaintiff did not establish any of the factors in the Code which enable IDES to process a late claim was not clearly erroneous. See *Beggs*, 2016 IL 120236 ¶ 50.

¶ 21     Plaintiff contends that she was unaware of the 14-day "time limit" to file her claim for back benefits, and only learned of the issue when she participated in the telephone hearing before the referee. Plaintiff argues that the "time limit" should not apply due to the extraordinary circumstances of the COVID-19 pandemic. However, the Board did not have the ability to extend the deadline for filing. IDES is limited to powers granted by the legislature in its enabling statute, here the Act. See *Prate Roofing and Installations, LLC v. Liberty Mutual Insurance Corp.*, 2022 IL 127140, ¶ 22. The Act does not outline extenuating circumstances which could extend the

deadline. See generally 820 ILCS 405/100 *et seq*. (West 2020). Had the Board extended the deadline without authority, it would have lacked jurisdiction and the decision would have been void. See *Prate*, 2022 IL 127140 ¶ 22. Thus, the Board's factual findings as to when plaintiff knew of the timing requirements for late claim certification was not against the manifest weight of the evidence (*Beggs*, 2016 IL 120236, ¶ 50), and the determination that plaintiff did not satisfy the requirements for late certification were not clearly erroneous (*Leach*, 2020 IL App (1st) 190299 ¶ 22).

¶ 22    Next, the Board determined that plaintiff was not eligible for benefits under the Act. This is a mixed question of fact and law and is reviewed for clear error. See 820 ILCS 405/500(B) (West 2020).

¶ 23    As noted, the Board determined that plaintiff was not eligible for unemployment benefits for the certification dates she missed, because she was ineligible for backdating. Thus, plaintiff could not claim benefits for the missed weeks in accordance with IDES's regulations. Accordingly, the Board's determination that she was not eligible for those benefits does not leave us with "the definite and firm conviction that a mistake has been committed," and so the Board's determination was not clearly erroneous. See *AFM Messenger Service, Inc.*, 198 Ill. 2d at 393.

¶ 24    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 25    Affirmed.